## STATE VS. WHITE.

CRIMINAL LAW. *Effect of a general verdict of "guilty."*

1. A general verdict of "guilty" in a criminal action is a finding of the truth of all the material averments of the indictment, constituting the offense charged, including the averment of value, when that is material.

2. Thus, where the statute defines different grades of larceny, with different penalties, according to the value of the goods stolen, such a verdict, without any special finding as to the value, will sustain a conviction for the grade of offense charged in the indictment.

3. But if the court had given the jury to understand that they might find such a verdict without regard to the value of the goods stolen (the charge being properly excepted to), the verdict hould be set aside.

REPORTED from the Circuit Court for *Winnebago* County.

*The Attorney General*, for the state.

DIXON, C. J. This case comes up for our decision under section 8 of ch. 180, R. S., which provides, that if upon the trial of any person who shall be convicted in the circuit court, any question of law shall arise, which,

in the opinion of the judge, shall be so important or so doubtful as to require the decision of the supreme court, he shall, if the defendant desire it, or consent thereto, report the case so far as may be necessary to present the question of law arising therein, and thereupon all proceedings in that court shall be stayed. The aggregate value of the goods and chattels stolen is charged in the indictment to have been the sum of $210, and all the other facts necessary to be considered are stated in the report of the judge, which reads as follows:

" The defendant was indicted for larceny, at the September term, 1868. The jury might have found from the evidence that the value of the property exceeded $100, or that it was less than $100. The jury returned a general verdict of guilty, but failed to find the value of the property stolen. Defendant moves for a new trial; and I wish to be advised, 1. Whether a general verdict finds that the stolen property is of the value charged in the indictment; and 2. If not, whether it can be presumed that the property is of some value, and the defendant can be sentenced for petit larceny."

The provisions of statute prescribing the punishment for larceny, and material to be examined in connection with the question to be decided, are found in sections 16 and 17 of ch. 165, R. S. Section 16 provides, that every person who shall commit the crime of larceny by stealing of the property of another, any money, goods or chattels, etc., if the property stolen shall exceed the value of one hundred dollars, shall be punished by imprisonment in the state prison not more than three years nor less than one year; and if the property stolen shall not exceed the value of one hundred dollars, and exceeding twenty dollars, he shall be punished by imprisonment in the state prison, not exceeding one year nor less than six months, or by imprisonment in the county jail not more than one year nor less than three months, or by fine, not exceeding three hundred

dollars.   Section 17, by which the offense of petit lar-
ceny is created and defined, declares that every justice
of the peace shall have jurisdiction concurrent with the
circuit court of all larcenies mentioned in the sixteenth
section, when the money or other property stolen shall
not be alleged to exceed the value of twenty dollars,
and of all other larcenies whatever, when the money or
property stolen shall not be alleged to exceed the value
of ten dollars, in all which cases the punishment shall
be by fine not exceeding fifty dollars, or by imprison-
ment in the county jail for the term of six months, or
less, at the discretion of the court, saving to every person
who shall be convicted before the justice the right of
appeal as in other cases.   It will be seen from these
provisions, that two distinct grades of grand larceny
are fixed by the statute, and that the question presented
is quite as much for which of these the defendant shall
be punished, if at all, as whether he shall be punished
for petit larceny.   Whether the conviction is such as to
authorize sentence for petit larceny, provided it were
insufficient for the purpose of punishing the defendant
for the higher offense charged in the indictment, is a
question not required to be answered, since we are all
of opinion that the verdict as found is, in form, good
and sufficient for the latter purpose.

This question as to the sufficiency of a general verdict
of guilty in prosecutions of this kind, where the value
of the property stolen constitutes an essential element
in the definition of the crime, and the mode of punish-
ment or term of imprisonment is made to depend upon
it, is one which has undergone considerable discussion
in the courts, and about which there appears to be some
conflict of opinion.   In New Hampshire it is held that
the value of the property must be specially found by
the judge.   In that state, however, it is provided by
statute, that, if the property stolen be of less value than
twenty dollars, the person convicted, besides punishment

by fine or imprisonment, "shall be sentenced to pay the owner treble the value of the property so stolen, deducting from such treble value the value of any part of said property that may be returned." And in case of the larceny of property of greater value than twenty dollars, it is provided that "the owner of such property, upon such conviction, shall have judgment and execution in common form against such convict for the value thereof, deducting the value of such part as may be returned." *Locke v. The State*, 32 N. H. 108. The peculiar character of this legislation furnishes ample reason for the rule in that state; but the absence of the same or any like regulations in this state seems to render the rule inapplicable here. But the cases in Illinois and Iowa — the latter decided on the authority of the former — seem not to have proceeded on any such peculiar ground, but to have held, under statutes in substance like our own, that a special finding of value by the jury was necessary. 1 Scam. 392; 3 Gilman, 53; 1 Greene, 316. On the other hand, the supreme court of Ohio, in a remarkably clear and well-reasoned opinion in a recent case, hold the very opposite. *Schoonover v. The State*, 17 Ohio St. 294. The opinion is valuable, not only as a collection and review of all the authorities bearing upon the question, but as a discussion of the effect to be given to a general verdict of guilty, when construed, as it always should be, with reference to the facts charged in the indictment. This last is a consideration which seems to have been overlooked entirely in those cases in which the contrary doctrine has been held. It very clearly and satisfactorily appears from the opinion, that, both on principle and authority, a simple verdict of *guilty* pronounced by the jury, and which, in legal phrase, and as usually recorded by the clerk, signifies "guilty in manner and form as charged in the indictment," is a finding of the truth of all the material averments constituting the offense charged, including the averment of

value, so far as that is material, and that, on such verdict, the proper judgment for the offense may be awarded against the prisoner. The court hold that the verdict in such case, though not to be understood, perhaps, as finding the value of the property stolen to be fully that stated in the indictment, yet implies a finding of value at least equal to the sum necessary to constitute the higher offense, which is that charged ; for beyond that sum the particular value is wholly immaterial, and the jury are not supposed to inquire. The decision is sustained by several well-considered cases, which are referred to in the opinion, and we think announces the correct rule of law upon the question here presented. And especially do we so regard it where no exceptions are taken, or error complained of, with respect to the instructions given to the jury. In the absence of such exceptions, and without the charge of the court before us, we are bound to assume that the jury were correctly instructed, according to the usual practice in such cases, that to authorize a general verdict of guilty they must find the value of the property stolen to have been at least the sum of one hundred dollars ; and if they found that it was of less than that value, they should state the value in an express finding, in order that the court might know whether it was over or under twenty dollars, so as to pass sentence for the lower grade of grand larceny, or for petit larceny, agreeably to the nature of the crime found to have been committed. If it appeared, however, that the jury were not so instructed, but were told that they might find a general verdict of guilty, regardless of the matter of the value, or whether it was over or under one hundred dollars, or over or under twenty dollars, a very different question would be presented, and one somewhat like that involved in *Locke v. The State, supra ;* and it would no doubt be attended by the same result. Such instruction would be clearly

erroneous, and judgment upon the verdict reversed or arrested.

It follows, from these views, that the circuit court should proceed to give judgment against the defendant for the offense charged in the indictment, and of which he appears to have been lawfully convicted; and the court must accordingly be so advised and directed.

*By the Court.*— Let the decision of this court be so certified.