CITY OF MILWAUKEE, Respondent, v. WROBLEWSKI, Appellant.

*No. 332.    Argued June 3, 1969.—Decided July 3, 1969.*
(Also reported in 168 N. W. 2d 829.)

For the appellant there was a brief by *Eisenberg, Kletzke & Eisenberg,* attorneys, and *Jerome F. Pogodzinski* of counsel, all of Milwaukee, and oral argument by *Mr. Pogodzinski.*

For the respondent there was a brief by *John J. Fleming,* city attorney, and *Charles R. Theis,* assistant city attorney, and oral argument by *Mr. Theis.*

WILKIE, J. A single issue is presented by this appeal. Did the circuit court err in concluding that to sustain a conviction for speeding under sec. 101–196 (b) of the Milwaukee Code of Ordinances, it was not necessary that the county court determine the precise speed at which the motorist was driving?

Wroblewski was convicted of a violation of sec. 101–196 (b), Milwaukee Code of Ordinances, which provides as follows:

"(b) 30 Miles Per Hour. Except as otherwise provided, the maximum permissible speed on the following streets and highways shall be 30 miles per hour; all highways declared to be through highways by section 101–152 (a) that:

"(1) have a single roadway and have a width of 38 feet or greater,

"(2) are divided highways and have a total or combined roadway width of 40 feet or greater, or

"(3) are established as one-way streets and have a roadway width of 30 feet or greater."

The trial court found Wroblewski guilty although it made no finding as to the exact speed appellant was traveling at the time. At the conclusion of his short trial, the trial court stated:

"Finding of guilty, I make no finding as to speed, $50 including the costs. . . ."

It did not need to make a finding of appellant's precise speed at the time in order for it to properly conclude that the appellant had violated this particular ordinance. Appellant was not charged with proceeding at a certain speed in excess of the prescribed maximum, he was merely charged with violating the ordinance that set the maximum permissible speed at 30 miles per hour. The court's finding was adequate.

Our conclusion is supported by what this court said in the case of *State v. White,*[1] decided in 1870. In that case the defendant was charged with larceny of goods valued at $210. The jury found the defendant guilty but made no finding as to the value of the goods stolen. In sustaining the conviction, the court followed an earlier Ohio case,[2] and held that

". . . the verdict in such case, though not to be understood, perhaps, as finding the value of the property stolen to be fully that stated in the indictment, yet implies a finding of value at least equal to the sum necessary to constitute the higher offense, which is that charged; for beyond that sum the particular value is wholly immaterial, and the jury are not supposed to inquire."[3]

---

[1] (1870), 25 Wis. 359.

[2] *Schoonover v. State* (1867), 17 Ohio St. 294.

[3] *Supra*, footnote 1, at page 363.

So, in the instant case, a finding of guilty by the trial court was a finding that appellant was proceeding at a speed in excess of 30 miles per hour. That is all this ordinance contemplated.

Appellant relies on *State v. Wolfrum* [4] as support for his contention that an exact speed must have been found by the trial. But *Wolfrum* was a criminal case where the jury found the defendant guilty, not criminally but negligently. This is a wholly different matter for the jury failed to make the necessary finding of intent. Here, a finding of the precise speed is not a necessary element of a violation of the Milwaukee ordinance and hence *Wolfrum* has no application.

On oral argument, appellant's counsel argued for the first time that the city of Milwaukee had not established the speed limit in force on the 16th street viaduct. However, our review of the record reveals that at the trial appellant himself admitted that the speed limit was 30 miles per hour. This concludes the matter.

*By the Court.*—Order affirmed.

---

[4] (1894), 88 Wis. 481, 60 N. W. 799.