CITY OF MILWAUKEE, Respondent, v. BERRY, Appellant.

*No. 161. Argued September 29, 1969.—Decided October 28, 1969.*
(Also reported in 171 N. W. 2d 305.)

322

For the appellant there was a brief and oral argument by *Clarence R. Parrish* of Milwaukee.

For the respondent there was a brief by *John J. Fleming*, city attorney, and *Theophilus C. Crockett*, assistant city attorney, and oral argument by *Mr. Crockett*.

HALLOWS, C. J.   Berry contends the finding of speeding is against the great weight and clear preponderance of the evidence because the police officer who testified against him did not have sufficient time and was not in a proper position to make an observation of Berry's speed and consequently, his testimony of speed had no probative value or at least not enough to meet the burden of proof.  Only the police officer and Berry testified at the trial.

On July 26, 1968, about 2:30 a. m. Berry was riding his motorcycle east on Burleigh street in the city of Milwaukee between North Eighth and North Third streets.  Officer Richard Mettelman was proceeding in a

squad car north in midblock on North Seventh street south of its intersection with Burleigh street when he saw Berry passing the North Eighth street intersection. Burleigh street between Eighth and Seventh streets is clear of buildings and passes over a depressed north and south freeway. The bridge part of Burleigh street has guardrails. The importance of this is that Officer Mettelman from his position on Seventh street had a clear view of Burleigh street and of Berry approaching at a right angle from his left. The officer testified he first saw Berry when Berry was about 20 to 30 feet past the North Eighth street intersection and was entering the overpass and continued to observe him until Berry went out of sight after passing in front of him at the intersection of North Seventh and Burleigh streets. He testified that during this time Berry's rate of speed was approximately 50 miles per hour. After Berry passed the officer, the officer turned onto Burleigh street and while he was unable to clock Berry, he did catch up to him at a stoplight at North Third and Burleigh streets and arrested him.

We are not concerned with the officer's testimony about the speed of the motorcycle from North Seventh to North Third streets. His observation, while accelerating his own squad car, was disregarded by the trial court. We conclude the officer, who had four years' experience in traffic work, was in a position to estimate Berry's rate of speed because he had a clear view for one city block and had sufficient time to observe and calculate the speed. The officer also had reference points (the guardrails of the overpass and the intersection of streets) to aid him in determining the speed. Actually the direction of the vehicle in reference to the position of the officer made it a typically easy case to determine speed of the motorcycle moving crosswise in front of him. In *Pagel v. Kees* (1964), 23 Wis. 2d 462, 468, 127 N. W. 2d 816, we held one may be able to estimate the rate of

speed of an oncoming car, which task is more difficult than in the instant case, even when the witness was moving in the opposite direction and the opinion of speed was admissible. *See also Maccaux v. Princl* (1958), 3 Wis. 2d 44, 87 N. W. 2d 772; *Albrecht v. Tradewell* (1955), 271 Wis. 303, 73 N. W. 2d 408; *Millay v. Milwaukee Automobile Mut. Ins. Co.* (1963), 19 Wis. 2d 330, 120 N. W. 2d 103.

Berry relies upon *Ronning v. State* (1924), 184 Wis. 651, 657, 200 N. W. 394, for holding the officer's testimony was so lacking in probative value as to be inadmissible. But the *Ronning Case* is distinguishable. There, the estimate of speed was not probative because the rate of speed was expressed as "real fast." This characterization of speed is too indefinite a standard and is in fact a subjective standard rather than an objective one. In the instant case the testimony of the officer was "conservatively in excess of 50 miles per hour." This testimony is definite, objective and probative on the issue of speeding over 30 miles per hour because the exact speed in excess of 30 miles per hour is unimportant; 35 miles per hour would be as good as 50 to prove the offense. *Milwaukee v. Wroblewski* (1969), 43 Wis. 2d 603, 168 N. W. 2d 829.

However, when a witness is in no position to judge speed or the time of observation is too short upon which to base a probative estimation of speed, the testimony is inadmissible. But if there is a reasonable basis upon which speed can be judged, the weight or probative value of the opinion will depend upon the factors of position, length of observation, existence of reference points, the experience of the witness in judging speed and other relevant facts. In *Culver v. Webb* (1944), 244 Wis. 478, 485, 12 N. W. 2d 731, a witness was held not qualified to estimate speed of an automobile when he saw it in operation only 15 feet. This distance was too short. In *Bellrichard v. Chicago & N. W. Ry.* (1945), 247 Wis. 569, 576, 20 N. W. 2d 710, where a witness saw a train a

few seconds before it hit her, we said the time was too short to enable the witness to judge the speed of the train. In *Fessler v. Northwestern National Casualty Co.* (1953), 265 Wis. 14, 18, 60 N. W. 2d 387, a witness who was traveling in the opposite direction and had admitted he was in no position to judge speed was not permitted to testify; and in *Carstensen v. Faber* (1962), 17 Wis. 2d 242, 247, 116 N. W. 2d 161, we held a witness could not give his opinion of speed which was based entirely upon sound.

Since the testimony of the police officer on speed was probative, we will not quarrel with the weight given it by the trier of the fact. We cannot say as a matter of law the evidence was insufficient to meet the burden of proving the violation by clear, satisfactory and convincing evidence which is the standard in ordinance-violation cases. *Madison v. Geier* (1965), 27 Wis. 2d 687, 135 N. W. 2d 761.

Berry made no motion for a new trial on this issue raised but that is not fatal to his appeal since this case was tried by the court and is not controlled by *Wells v. Dairyland Mut. Ins. Co.* (1957), 274 Wis. 505, 518, 80 N. W. 2d 380. *Wells* held an appellant could not raise as a matter of right an issue he did not raise on a motion for a new trial when the error was of a nature the trial court could correct. This rule has not been extended to a trial to the court although we approved and commended the practice in *Fringer v. Venema* (1965), 26 Wis. 2d 366, 132 N. W. 2d 565, 133 N. W. 2d 809, and in *Finger v. State* (1968), 40 Wis. 2d 103, 161 N. W. 2d 272. In both these cases we reserved the question for subsequent opinion or court rule. More recently, we stated the question would best be resolved by court rule adopted pursuant to sec. 251.18, Stats. *Simonson v. McInvaille* (1969), 42 Wis. 2d 346, 166 N. W. 2d 155. This court has not yet promulgated such a rule.

*By the Court.*—Order affirmed.