COURT OF APPEALS
DECISION
DATED AND FILED

August 14, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP1630**

STATE OF WISCONSIN

Cir. Ct. No. **2024TR311**

IN COURT OF APPEALS
DISTRICT IV

---

DANE COUNTY,

PLAINTIFF-RESPONDENT,

V.

TRENT JOSEPH MEYER,

DEFENDANT-APPELLANT.

---

APPEAL from a judgment of the circuit court for Dane County: JULIE GENOVESE, Judge. *Affirmed.*

¶1 BLANCHARD, J.[1] Trent Meyer, pro se, appeals a judgment of conviction for driving a car faster than was reasonable and prudent under the conditions, in violation of WIS. STAT. § 346.57(2). Meyer argues that the circuit

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(c) (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version.

court lacked evidence sufficient to support a conviction. I conclude that the court was presented with clear, satisfactory, and convincing evidence to support a conviction. Meyer also asserts that the court denied him his due process rights to be heard and to present evidence. I conclude that Meyer was afforded meaningful opportunities to be heard at trial and to present evidence. Accordingly, I affirm.

¶2 At a bench trial in the circuit court, a Dane County sheriff's deputy gave the following testimony, all of which was credited by the court. Late on a Wednesday afternoon in December 2023, while traveling in the left lane of two westbound lanes of Highway 12 north of Middleton, Meyer approached three cars from behind. The posted speed limit in this area was 55 mph. One of the cars ahead of Meyer was in the left lane, traveling about 65, while the two others were in the right lane, going about 60. The deputy drove the last car in the right lane.

¶3 Meyer's car approached the car in the left lane, at one point going about 75 mph, until Meyer's car was "close" to the other car's rear bumper. As Meyer approached from behind, the car in the left lane ahead of Meyer was traveling slightly faster than the lead car in the right lane. When there was enough space to allow it, Meyer merged into the right lane ahead of the lead car in that lane, with his rear bumper "close" to that car's front bumper. Meyer then accelerated, passing the car in the left lane on its right. The deputy estimated that Meyer's car accelerated to 77 when it pulled away from the group. Deputy Mueller was then able to position his vehicle behind Meyer's and pace him at 77. Meyer, followed by the deputy, passed what the deputy characterized as "heavier traffic." The deputy initiated a traffic stop and issued Meyer the ticket alleging a violation of WIS. STAT. § 346.57(2).

¶4    At the beginning of the trial, Meyer told the circuit court that he would be the only witness for the defense. Following the County's direct examination of the deputy, Meyer asked the deputy about the lack of physical evidence presented by the County, the procedure for properly requesting dashcam footage, the speed of the other cars on the road, and the "normal" distance over which an officer will observe a vehicle before making a traffic stop.

¶5    The circuit court afforded Meyer great latitude in how he cross examined the deputy. The court also allowed Meyer to pause the examination intermittently to allow Meyer to present to the court what appears to have been all of the legal arguments and factual assertions that he wanted to make. At least five times, the court courteously and unambiguously attempted to inform Meyer of effective ways to ask questions, including calling his attention to the importance of relevance. The court also asked Meyer questions to elicit his views on the facts and to understand his legal arguments.

¶6    Eventually, after Meyer began to repeat some of his arguments, the circuit court indicated that it was ready to issue a decision by finding Meyer guilty. Meyer asked to speak further, which the court allowed. Meyer said that he "never got a chance to say anything on [his] behalf." The court replied by summarizing the points that the court understood Meyer to have attempted to convey through his cross examination of the deputy and his other statements. The substance of the court's summary was that, at the time of the incident, Meyer did not know whether he was speeding and that Meyer thought that the driver in the left lane was not keeping up with traffic. Meyer responded to this summary by saying that the drivers of the other cars, as well as the deputy, should have also received tickets. The court asked whether there was anything else that Meyer thought the court might have missed. Meyer responded that the County had not

proven unreasonable and imprudent speed under the conditions. The court said that it disagreed and entered judgment against Meyer.

¶7    Turning from the background to a discussion of the merits, one basis to reject Meyer's arguments on appeal is that the County has submitted a respondent's brief on appeal with developed arguments in favor of affirming the circuit court, but Meyer has not filed a reply brief. An appellant's failure to respond in a reply brief to an argument made in a response brief that calls for a reply, based on the content of both the appellant's opening brief and the respondent's brief, may be taken as a concession. *United Coop. v. Frontier FS Coop.*, 2007 WI App 197, ¶39, 304 Wis. 2d 750, 738 N.W.2d 578; *Charolais Breeding Ranches, Ltd. v. FPC Sec. Corp.*, 90 Wis. 2d 97, 109, 279 N.W.2d 493 (Ct. App. 1979) ("'Respondents on appeal cannot complain if propositions of appellants are taken as confessed which they do not undertake to refute.'" (quoted source omitted)). Putting that to the side, as I now explain, I also reject his arguments on the merits.

¶8    WISCONSIN STAT. § 346.57(2) makes it a violation for a person to drive on a highway at a speed "greater than is reasonable and prudent under the conditions and having regard for the actual and potential hazards then existing." The statute further states that "[t]he speed of a vehicle shall be so controlled as may be necessary to avoid colliding with any object, person, vehicle[,] or other conveyance on or entering the highway in compliance with legal requirements and using due care." § 346.57(2). For a conviction, § 346.57(2) requires that the factfinder be satisfied to a reasonable certainty by evidence that is clear, satisfactory, and convincing. WIS JI—CRIMINAL 2672; WIS. STAT. § 345.45.

**I. Sufficiency of the Evidence**

¶9    Meyer argues that the circuit court erred because the County did not elicit sufficient "physical evidence" of his speed and the conditions at the time of the alleged unreasonable speed (such as from a squad car dashboard camera), and for these reasons failed to meet the burden of proof.

¶10    This court's review of a challenge to the sufficiency of the evidence on appeal is "highly deferential" to the verdict. *State v. Beamon*, 2013 WI 47, ¶21, 347 Wis. 2d 559, 830 N.W.2d 681. "[A]n appellate court is tasked with deciding whether, after viewing the evidence in the light most favorable to the prosecution, 'any rational trier of fact could have found the essential elements'" of the charged offense at the appropriate standard of review—here, proof by evidence that is clear, satisfactory, and convincing. *See State v. Langlois*, 2017 WI App 44, 377 Wis. 2d 302, 901 N.W.2d 768 (citations omitted); *City of Milwaukee v. Wilson*, 96 Wis. 2d 11, 21, 291 N.W.2d 452 (1980); WIS. STAT. § 345.45. Thus, the evidence was sufficient if any rational trier of fact could have been convinced of the defendant's guilt to a reasonable certainty by clear, satisfactory, and convincing evidence.

¶11    As summarized above, the deputy testified to Meyer's speed at multiple points during relevant events, including that Meyer was traveling more than 20 mph above the posted speed limit. The deputy also testified regarding the traffic conditions, the conditions of the road, and the close distances between vehicles at relevant times. The deputy also testified that Meyer passed a car in the right lane and that the vehicles came to a traffic light shortly after Meyer made the pass. Regarding this last point, it was potentially relevant that Meyer reached the speeds and engaged in the maneuvers testified to by the deputy and credited by the

circuit court in proximity to a section of a divided highway that was controlled by stoplights. On these facts, a reasonable factfinder could find Meyer guilty of unreasonable and imprudent speed.

¶12 Meyer may intend to establish that merely driving to some degree in excess of a posted speed limit does not necessarily constitute a violation of WIS. STAT. § 346.57(2). This may be true as a general proposition, but it is beside the point. To repeat, the deputy gave testimony that easily supports a finding that Meyer drove faster than was reasonable and prudent under the conditions, in light of actual and potential hazards, such as a potential collision with one of the other cars or causing another car to swerve or brake in a way that could lead to some form of accident.

¶13 Turning to Meyer's assertions about "physical evidence," convictions can be sustained when they are not based on tangible forms of evidence, as opposed to evidence presented in the form of testimony regarding memories of observations of the type that the deputy gave here. *See City of Madison v. Geier*, 27 Wis. 2d 687, 697-98, 135 N.W.2d 761 (1965) (opinion of officer that motors were revved and tires squealed supported conviction for violation of racing in violation of speeding ordinance); *City of Milwaukee v. Berry*, 44 Wis. 2d 321, 324-25, 171 N.W.2d 305 (1969) (if a witness had a reasonable basis to judge the speed of a vehicle and gives testimony on that topic, the trier of fact generally decides what weight to give that testimony).

## II. Due Process

¶14 Meyer asserts that he was denied due process in two ways: that he was not granted the opportunity to testify in his defense; and that he was denied the opportunity to show the circuit court the dashboard camera footage from the

deputy's vehicle. It could be a basis to reject these assertions that, in support, Meyer merely cites to the Fourteenth Amendment to the U.S. Constitution and fails to develop any point about the specific alleged shortcomings in trial proceedings that is supported by legal authority. This court makes some allowances for certain types of gaps or omissions in the briefing of parties who, as here, are not represented by counsel. *See Waushara County v. Graf*, 166 Wis. 2d 442, 451, 480 N.W.2d 16 (1992). But at the same time, "[w]e cannot serve as both advocate and judge," *State v. Pettit*, 171 Wis. 2d 627, 647, 492 N.W.2d 633 (Ct. App. 1992), and this court will not develop viable, fact-supported legal theories on the appellant's behalf, *State v. Jackson*, 229 Wis. 2d 328, 337, 600 N.W.2d 39 (Ct. App. 1999). Further, addressing Meyer's positions as best I understand them, neither argument is supported by the record under a correct application of law.

¶15 A procedural due process or related constitutional challenge presents an issue of law that this court reviews de novo. *See State v. Sorenson*, 2002 WI 78, ¶25, 254 Wis. 2d 54, 646 N.W.2d 354.

¶16 Meyer relies on what he asserts was his right to testify in his own defense at trial, but this argument is misplaced because he did not have this right in the trial of this action.

¶17 The right to testify in one's own defense attaches only in criminal trials at which the defendant has a liberty interest at stake. *See Rock v. Arkansas*, 483 U.S. 44, 51 (1987) ("The right to testify on one's own behalf at a criminal trial has sources in several provisions of the Constitution."); WIS. CONST. art. I, § 7 ("In *all criminal prosecutions* the accused shall enjoy the right to be heard by himself and counsel[.]" (emphasis added)). But this was not a trial of a criminal matter. It was a trial of a traffic forfeiture, specifically an alleged violation of

WIS. STAT. § 346.57. *See* WIS. STAT. § 345.20(1)(b) (defining a traffic regulation as "a provision of [chapters] … 341 to 349 for which the penalty for violation is a forfeiture."); WIS. STAT. § 346.60(3) (prescribing forfeiture penalties for offenses including violations of § 346.57(2)). Under § 345.20(2)(a), subject to exceptions that Meyer does not show apply here, the small claims provisions of WIS. STAT. ch. 799 apply to traffic forfeiture actions in the circuit court. As part of these small claims provisions, WIS. STAT. § 799.209(1) provides that "[t]he court … shall conduct the proceeding informally, allowing each party to present arguments and proofs and to examine witnesses to the extent reasonably required for full and true disclosure of the facts." In the absence of an applicable constitutional right, such as the right to testify in one's own defense in a criminal trial, Meyer must show that the trial here violated rights afforded to him under § 799.209(1) or some other applicable statute. *See Dane County v. McGrew*, 2005 WI 130, ¶¶9, 12, 50, 285 Wis. 2d 519, 699 N.W.2d 890 (defendant in traffic case not entitled to trial by 12 jurors because applicable statute prescribed six jurors and there was no constitutional right to 12).

¶18 The circuit court granted Meyer ample opportunities to be heard at trial in a manner that easily satisfied his rights under WIS. STAT. § 799.209(1). The circuit court allowed him to question the witness called by the County, make legal arguments, and assert all of the factual propositions that he thought were relevant at the time of trial, sometimes in response to the court's inquiries and sometimes not. The court's questions were appropriate to the context and were clearly aimed at helping Meyer to provide his side of the case as he saw it. On five separate occasions the court asked Meyer if he had anything else to add. Each time, he said that he did, and then the court allowed him to make further statements and argument. The court also overruled multiple arguably valid

objections by the County, seemingly erring on the side of allowing Meyer to make his argument. All of these facts easily support the conclusion that the court ensured "full and true disclosure of the facts" as required by § 799.209(1).

¶19 Meyer also contends that the circuit court denied him the opportunity to play the deputy's dash camera video at trial, but this argument is not supported by the record. Meyer told the court at trial that he had the video in his possession. He raised a concern that it did not include information about the deputy's vehicle's speed. After a digression regarding the process of requesting and obtaining the video, Meyer moved on without ever requesting an opportunity for the video to be played for the court. The County had the burden to prove the violation. But if Meyer wanted to rely on any aspect of the video in his defense it was his responsibility to request its presentation to the court. The court did not prevent him from making that request.

¶20 For all of these reasons, I affirm the circuit court's entry of the judgment of conviction.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.