# Staunton

## C. P. Grinstead v. H. E. Mayhew, Adm'r of J. P. Taylor, Deceased.

September 11, 1936.

Present, Campbell, C. J., and Hudgins, Gregory and Eggleston, JJ.

The opinion states the case.

*Martin & Abbott*, for the plaintiff in error.

*Sinnott & May, Woods, Chitwood, Coxe & Rogers, Leonard G. Muse* and *V. P. Randolph, Jr.*, for the defendant in error.

CAMPBELL, C. J., delivered the opinion of the court.

The plaintiff in error brought this action by notice of motion to recover damages for personal injuries received while riding as a guest in the automobile of defendant's intestate, J. P. Taylor. There was a trial by jury which resulted in a verdict for the defendant.

The refusal of the trial court to set aside the verdict of the jury as being contrary to the law and the evidence is assigned as error.

The basic allegation of the notice of motion is that defendant's intestate was guilty of gross negligence in the operation of his Buick coupe, while plaintiff was riding therein as a guest. The specific act of negligence relied upon was that Taylor drove the automobile at a too rapid rate of speed around a very dangerous curve in Amelia county, in which said curve is located a bridge or culvert, and that while attempting to round this curve at an excessive rate of speed, the said J. P. Taylor completely lost control of the automobile and ran into the left hand side of the bridge, completely demolishing the automobile and inflicting upon plaintiff serious and permanent injuries.

Grinstead and Taylor, both residents of the city of Roa-

noke, were intimate friends and were employed as registered pharmacists in two of the city's drug stores. Taylor, the owner of a Buick coupe, on July 14, 1934, extended to Grinstead and the two young ladies an invitation to ride with him from Roanoke to Virginia Beach, a distance of approximately three hundred miles. After the day's work, the young men, with the young ladies, left Roanoke at six o'clock in the afternoon. All four were seated in the front seat of the coupe, with one of the young women sitting on the lap of plaintiff. In this situation, they expected to make the all-night journey to Virginia Beach. Grinstead and the young women testified that from Roanoke to Farmville the trip was without unusual incident; that Taylor drove at a moderate rate of speed and in a careful manner. After leaving Farmville the two young women went to sleep, one sitting next to Taylor and the other sitting upon plaintiff's lap. Plaintiff also went to sleep sometime prior to arriving at Amelia Court House. At the latter place plaintiff was awakened by Taylor who asked him which direction he should take. Plaintiff replied that he was not familiar with the road, so Taylor decided to take the road leading through Petersburg, as it was the road with which he was acquainted.

At the time of the accident, which occurred between one and two o'clock on the morning of the 15th of July, plaintiff and the two women were asleep. Consequently, they were unable to throw any light upon the occurrence. The physical facts demonstrated that the automobile ran into the left hand side of the bridge, striking a guard rail and then striking a tree. As a result of the impact, Taylor was instantly killed and plaintiff was injured, as were the two young women.

There is in the evidence of the three survivors of the accident no conflict in regard to the manner in which Taylor operated the automobile while they were awake. Each of them testified that he drove upon the right hand side of the road, that he drove at a proper rate of speed, that he kept a proper lookout and that he was a careful driver. It was also testified that the operation of the automobile by Taylor did not cause the occupants to awaken at any time prior to the accident.

The right of recovery rests upon the evidence of three witnesses and whatever proper inference may be drawn from their testimony.

Neil Snow and James L. Jones testified that on the night of the accident they had been calling upon the daughters of S. P. Beverley; that they left the Beverley home between one and two o'clock in the morning; that as they were proceeding toward Amelia they met a car traveling at a rate of speed which they estimated as between sixty and seventy miles an hour; that the automobile was being driven on the left side of the road, and, in order to avoid a collision, it was necessary for Snow to drive his car off the hard surface of the road on his right hand side; that the car was making an "awful noise like the exhaust was off"; that the point where they passed the supposed Taylor car was a distance of approximately a mile and a quarter from the scene of the accident.

S. P. Beverley testified that he lived approximately three hundred feet from the highway; that he was awakened when Snow and Jones left his home; that five or ten minutes after they left he heard an automobile coming from the direction of Amelia; that the motor was pulling and he estimated the speed as between sixty and seventy-five miles per hour; that the road from his home to the bridge was "down hill"; that he heard the crash and in a short time went to the scene of the accident. On cross-examination this witness stated that he considered sixty-five or seventy miles an hour "tolerably" fast speed, and a speed of one hundred and fifty or two hundred miles an hour fast speed.

Two defenses were interposed by the defendant: first, that the plaintiff was guilty of contributory negligence; and secondly, that the proof failed to show that the defendant was guilty of gross negligence.

The question of contributory negligence was grounded upon the fact that the four occupants of the automobile occupied the front seat and in the very nature of things interfered with the careful operation of the automobile, and that the question should at least be submitted to the jury for determination. In support of this contention defendant cites

the following cases: *McDermott* v. *Sibert*, 218 Ala. 670, 119 So. 681; *Frank* v. *Markley*, 315 Pa. 257, 173 A. 186; *Ragland* v. *Snotzmeier*, 186 Ark. 778, 55 S. W. (2d) 923; *White* v. *Stanley*, 169 Wash. 342, 13 P. (2d) 457; *Bushnell* v. *Bushnell*, 103 Conn. 583, 131 A. 432, 44 A. L. R. 785; *Howse* v. *Weinrich*, 133 Kan. 132, 298 P. 766; *Oppenheim* v. *Barkin*, 262 Mass. 281, 159 N. E. 628, 61 A. L. R. 1228; *Parker* v. *Helfert*, 140 Misc. Rep. 905, 252·N. Y. S. 35; *Balle* v. *Smith*, 81 Utah 179, 17 P. (2d) 224; *Hawthorne* v. *Gunn*, 123 Cal. App. 452, 11 P. (2d) 411; *City of Pampa* v. *Todd* (Tex. Civ. App.), 39 S. W. (2d), 636; *Mitchell* v. *Raymond*, 181 Wis. 591, 195 N. W. 855; *Lorance* v. *Smith*, 173 La. 883, 138 So. 871.

The trial court refused to submit the first question to the jury and this action is made the basis for a cross-assignment of error.

In view of our ultimate conclusion, we think it is unnecessary to discuss the cross-assignment of error.

In *Boggs* v. *Plybon*, 157 Va. 30, 160 S. E. 77, this court definitely committed itself to the rule of law that in order for an occupant of an automobile, riding as a guest, to recover of his host for injuries inflicted, he must show by proper proof that the host was guilty of gross negligence. This doctrine has been approved in *Jones* v. *Massie*, 158 Va. 121, 163 S. E. 63; *Osborn* v. *Berglund*, 159 Va. 258, 165 S. E. 410; *Young* v. *Dyer*, 161 Va. 434, 170 S. E. 737; *White* v. *Gregory*, 161 Va. 414, 170 S. E. 739; *Margiotta* v. *Aycock*, 162 Va. 557, 174 S. E. 831; *Thomas* v. *Snow*, 162 Va. 654, 174 S. E. 837.

While the rule of evidence in a civil case differs materially from that in a criminal case, it is nevertheless true that the rule in both cases requires proof that rests upon facts and proper inferences before there can be a conviction or a recovery of damages. Suspicion and presumption are not sufficient. The fact that an automobile was traveling at an excessive rate of speed at a distance of a mile and a quarter from the place of accident, while admissible on the ground of probative value, is not of itself sufficient to warrant the inference that such excessive speed obtained at the time of the accident. The burden was upon the plaintiff to show

that Taylor was guilty of gross negligence which was the proximate cause of the accident. This burden the plaintiff has failed to carry and the jury was well warranted in finding a verdict for the defendant.

Complaint is also lodged against the action of the trial court in giving and refusing instructions. Though it be conceded that the court erred in that respect, we feel bound to affirm the judgment of the trial court, on the ground that the evidence is insufficient to sustain a verdict for the plaintiff. There have been two trials of this case and it is a reasonable assumption that the plaintiff has obtained all the evidence which he is capable of obtaining. Therefore, there should be an end to this unfortunate occurrence.

*Affirmed.*