HARRY RAY EMANUEL, BY HIS NEXT FRIEND, LESLIE EMANUEL, PLAINTIFF, v. SARAH CLEWIS, DEFENDANT.

(Filed 12 January, 1968.)

**1. Automobiles § 62—**

Evidence of a fourteen year old boy that defendant had invited him and other small children to ride in the bed of a truck, that defendant started

the truck before plaintiff could find a suitable place to sit down, and that within 100 to 150 feet from the starting point defendant reached a speed of from 18 to 20 miles an hour on a bumpy road frequently traveled by defendant, and that the truck struck a deep hole, causing plaintiff to be thrown over the side of the truck, with resultant head injuries, *is held* sufficient to be submitted to the jury on the issue of defendant's negligence.

**2. Automobiles § 46—**

A fourteen year old boy of superior scholastic ability is competent to give his opinion as to the speed of a motor vehicle in which he is a passenger.

**3. Evidence § 33—**

Testimony of a witness that the plaintiff was an outstanding student is incompetent as hearsay where it appears that the witness had no personal knowledge of the plaintiff's scholastic record and rank in his class.

**4. Trial § 37—**

An exception on the ground that the court misstated the contentions of the appellant will not be sustained when the error is not called to the attention of the court in time to afford opportunity for correction.

**5. Parent and Child § 4—**

In an action to recover for injuries to a minor child, an instruction to the jury that the negligent injury of a minor gives rise to two separate causes of action, one in the child for pain and suffering and for loss of earning capacity after his minority, the other in the father for medical expenses and loss of earnings during minority, *is held* without error.

**6. Damages § 16—**

In a personal injury action to recover damages sustained by a fourteen year old plaintiff, an instruction to the effect that the jury is not to consider medical expenses and loss of earning capacity during minority in awarding damages to the plaintiff *is held* without error.

**7. Appeal and Error § 31—**

An exception to the entire charge of the court is a broadside exception and cannot be sustained.

APPEAL by defendant from *McKinnon, J.,* at the July 1967 Civil Session of ROBESON.

The plaintiff sues for personal injuries alleged to have been sustained by him when he fell from the bed of a pickup truck, owned and driven by the defendant, in which he was riding as a passenger. He alleges that his fall was proximately caused by the defendant's negligence in operating the truck upon a rough, unpaved private road without keeping a proper lookout, and at a speed greater than was reasonable under the prevailing conditions, so that she drove it into a hole in the road, thereby causing the plaintiff to be thrown from the bed of the truck to the road, where he landed on his head and sustained injuries. The defendant denies that she was negligent

in the operation of her truck and alleges that, if she was, the plaintiff was contributorily negligent in that he was standing in the bed of the truck when he could have sat therein in safety. The jury answered the issues of negligence and contributory negligence in favor of the plaintiff and awarded him $2,000 in damages. From a judgment upon the verdict the defendant appeals.

The plaintiff testified to the following effect:

On the day before his fourteenth birthday, he was one of a group of children walking on a private road toward their homes from a school bus stop. The defendant, who drove frequently over the road, overtook them driving her pickup truck, she having a passenger with her in the seat of the truck. She invited the children to ride in the truck bed and they all got on, the plaintiff being the last to do so. The other children sat down on the tail gate, taking up all the room on it. While the plaintiff was standing, looking for a seat, with his school books and baseball glove in his arms, the defendant set the truck in motion and drove approximately 100 to 150 feet, reaching a speed of 18 to 20 miles an hour. At that point the defendant's truck struck a deep hole in the road caused by a broken road tile. This threw the plaintiff over the side of the truck onto the road. He fell upon his head and sustained a concussion of the brain and scalp injuries, for which he was hospitalized. He continues to suffer headaches, which he did not have prior to this occurrence. He knew the road was bumpy. He did not ask the defendant to wait and let him find a place to sit down. He did not sit on the floor of the truck because it was dirty. The tail gate, where the other children were sitting with their feet hanging off, was clean. There was nowhere for the plaintiff to sit except on the dirty floor. The plaintiff was among the top ten students in his class at school, making grades of A and B.

The defendant's evidence was to the following effect:

All of the children had gotten on the truck before she put it again in motion. The plaintiff was sitting on the side railing. The defendant proceeded at a speed of between 10 and 15 miles an hour. After driving about 200 yards she glanced in the mirror and noticed one boy had fallen off the truck, none of the children having made any outcry. She went back, assisted the plaintiff to get back in the truck and carried him home, he stating that he had not been hurt and did not wish to go to a doctor. She did not run into the hole caused by the broken road tile but did run into a "little washout." She knew this was a bad road and had bumps in it. For that reason she was driving slowly, 10 to 15 miles an hour. She was talking to her passenger in the cab of the truck and did not see the plaintiff when he fell.

One of the other children, riding in the back of the truck, testi-

fied that when the plaintiff got on the truck he sat down at the side. After the defendant put the truck in motion, the plaintiff stood up. Another child told him to sit down. The plaintiff replied, "It takes a man to stand up on the back of a truck and it going." The truck then hit "a little bump" and the plaintiff fell out over the side. There was plenty of room for the plaintiff to sit down at the place where he was standing when he fell.

The defendant assigns as error the denial of her motion for judgment of nonsuit, certain rulings on the admission of evidence, and portions of the charge of the court to the jury.

*Johnson, Hedgpeth, Biggs & Campbell for defendant appellant.*
*Musselwhite & Musselwhite for plaintiff appellee.*

PER CURIAM. The motion for judgment as of nonsuit was properly denied. The evidence of the plaintiff, taken in the light most favorable to him, as it must be upon such a motion, is sufficient to support a finding that the defendant, having invited a group of small children to ride in the bed of her truck, started it before the plaintiff had an opportunity to find a suitable place to sit down and, on a road known by her to be bumpy, reached a speed of 18 miles an hour within 100 to 150 feet from the starting point, and, at that speed, drove into a deep hole causing the truck to jolt and throw the plaintiff out. This is sufficient to carry the case to the jury on the issue of her negligence. A nonsuit on the ground of contributory negligence can be granted only when the plaintiff's own evidence leads inescapably to the conclusion that he was guilty of such negligence. The defendant's evidence tending to show contributory negligence cannot be considered upon the motion for judgment of nonsuit. *Pruett v. Inman*, 252 N.C. 520, 114 S.E. 2d 360. The issues of negligence and contributory negligence were properly submitted to the jury, which answered them in the plaintiff's favor. It is not contended that there was any error in the instructions of the court to the jury concerning the principles of law by which it should answer these issues.

There was no error in permitting the plaintiff to testify as to the speed of the truck. He was standing in the truck bed and was clearly in a position to have an informed opinion as to its speed over the 100 to 150 feet which it traveled before he fell. A fourteen year old boy, shown to have a superior scholastic record, is clearly capable of judging the speed of a motor vehicle in which he is a passenger. See: *Murchison v. Powell*, 269 N.C. 656, 153 S.E. 2d 352; *Lookabill v. Regan*, 247 N.C. 199, 100 S.E. 2d 521; Strong, North Carolina Index 2d, Automobiles, § 46.

It was not error to strike the defendant's testimony that the plaintiff was "an outstanding student." This was a conclusion based upon hearsay, the defendant not purporting to have personal knowledge of the plaintiff's scholastic record or of his rank in his class. In any event, the defendant was not prejudiced by this ruling since the plaintiff, himself, testified that he was one of the top ten students in his class and his grades were A and B. Obviously, he was a better than average student.

We have considered the assignments of error relating to the charge to the jury. Three of these are concerned with the court's statement of the contentions of the parties. The record does not indicate that any of the alleged errors therein were called to the court's attention at the time so as to enable the court to state the contentions correctly. Consequently, these alleged errors are not ground for a new trial. *Rudd v. Stewart*, 255 N.C. 90, 120 S.E. 2d 601.

It was not error to instruct the jury that the negligent injury of a minor child gives rise to two separate causes of action, one in the child for pain and suffering and for loss of earning capacity after his twenty-first birthday, the other in the father for medical expenses and loss of earnings during minority. The jury was properly instructed that in awarding damages to the minor plaintiff it was not to consider such medical expenses or loss of earning capacity during minority. This was not an expression of opinion that the conduct of the defendant was such as to give rise to an action in the father for these losses, but was merely an elimination of these items from the calculation of the damages, if any, recoverable by the plaintiff in this action.

The exception to "the entire charge of the court" is a broadside exception and cannot be sustained. The remaining assignments of error are formal and are without merit.

No error.