**Joseph S. CARPINO, Administrator of the Estate of Frank Berasi, Deceased, Plaintiff,**

**v.**

**William J. KUEHNLE, Defendant.**

**Civ. A. No. 67–285.**

United States District Court,
W. D. Pennsylvania.

Dec. 13, 1971.

James P. Gill, Pittsburgh, Pa., for plaintiff.

Thomson, Rhodes & Grigsby, Pittsburgh, Pa., for defendant.

## OPINION and ORDER

McCUNE, District Judge.

The plaintiff in the above captioned case has filed a motion for a new trial following a jury verdict that the defendant was not negligent. The case involved a wrongful death action. Trial took place March 15, 16 and 17 of 1971. The liability phase of the case was tried first.

The litigation arose from an auto accident that occurred at 3:10 a. m. on February 18, 1967. The defendant Kuehnle was driving south on Pennsylvania Route 28 alone in his car. The decedent, Berasi, was driving north accompanied by his wife. Both Berasi and his wife were killed in the collision but only the claim of Berasi was tried. It was conceded that Berasi had apparently attempted a left turn across the path of defendant's vehicle. The vehicles collided in an intersection (a T intersection where Crawford's Run Road came into Route 28 in Allegheny County). The collision took place on the defendant's side of the road and the evidence was uncontradicted that defendant remained on his side of the road while he skidded some 45 feet into the intersection where the front of his car hit the right front of decedent's car.

Defendant survived and testified. There was only one independent eye witness.

The thrust of plaintiff's contention was that defendant, an agent of the Pennsylvania Liquor Control Board, had been drinking prior to the accident and his fitness to drive had been impaired. Defendant admitted that he had been on duty and had been buying whiskey and beer in the course of his duty to investigate taverns during the night, some of which he had consumed. He was on the state's business when the accident took place and had a record of his consumption of intoxicants.

We held a hearing before the jury trial began and determined that the question of his fitness to drive should go to the jury. The issue was presented to the jury by conflicting expert testimony. Apparently the jury decided the factual issues adversely to the plaintiff which

was not surprising in view of the testimony.

Several assignments of error are alleged which we will treat as follows:

■ The first assignment is that we would not permit counsel for plaintiff to argue inferences of speed based on the physical evidence. An examination of the record will show that he was permitted to do this and did so. Page 239 will pinpoint the problem. Plaintiff's counsel had posed an assumption that defendant was driving 40 mph. (the speed limit was 35). Defense counsel objected because there was no evidence that defendant had been proceeding at any particular speed in excess of the speed limit. The court stated that counsel could argue the pictures showing the cars, the extent of damage, the skid marks and said that the jury would have to draw its own conclusions about the violence of the collision from what it had seen and heard. The court did say "but I don't believe you can argue speed." Plaintiff's counsel obviously took the admonition for what it meant, that is to say that he could not argue any specific speed, because both before and after the court's comment he argued that the violence of the collision indicated that speed was involved.

Plaintiff's counsel made various attempts to bring before the jury excessive speed and was met with objection each time. We sustained the objections we think properly because the witnesses were not qualified to estimate speed in the posture in which we found them (assignments 4, 5, 6, 7, and 9).

■ As indicated above, only one eye witness (Serafini) existed who said that "it was only for a split second I caught any glimpse of it at all. . . . I just saw it flash by me. How long I observed it I have no idea" (referring to defendant's vehicle at pages 106 and 107). We refused to let this witness estimate speed not because a layman is unqualified to estimate speed but because this layman had not indicated an observation upon which an estimate could be predicated. See Guzman v. Bloom, 413 Pa. 576, 198 A.2d 499 (1964).

■ We then refused to allow a patrolman for East Deer Township (Staricek) to estimate speed based upon what he saw after he arrived at the scene. He was obviously not prepared to testify as an expert (one who could reconstruct facts from obvious results) but in addition specifically said he was not able to estimate speed from what he observed (pages 142 and 143). Nor did we permit a state police officer (Maher), called by defendant, to estimate speed on cross examination. The attempt to get an estimate from Maher on cross examination exceeded the scope of the direct examination but the real reason for refusing to permit the officer to estimate speed based upon what he saw when he arrived at the scene (the vehicles had been removed) was that he was not qualified as an expert. In fact no attempt was made to qualify Maher as an expert and he could no more estimate speed after the fact than the jury. A witness' inferences are inadmissable where the jury can be put into a position of equal vantage for drawing them. See 7 Wigmore, § 1924 (3d ed. 1940).

We conclude there was no error in ruling as we did with respect to the witnesses identified above.

■ The next errors (numbers 2 and 3) assigned are that we did not charge the jury that "they should consider the evidence as it related to speed and possible resultant negligence." We will not consider this assignment because there were no requests made under Rule 51 relating to assignments 2 and 3.

■ Assignment No. 8 is addressed to our allowing defendant to present the testimony of Dr. Lyons dealing with fitness to drive in view of alcohol consumed. The plaintiff's expert Dr. Wecht found impairment. Dr. Lyons found none. Dr. Lyons was not identi-

fied under our pretrial rules. However we had permitted Dr. Wecht to depart from his pretrial report. His report had dealt with the condition of sobriety of defendant. Before the instant litigation was tried Billow v. Farmers Trust Company, 438 Pa. 514, 266 A.2d 92 (1970) was decided holding that evidence of drinking is not admissible unless it establishes a degree of intoxication "which proves unfitness to drive." We decided to allow Dr. Wecht to testify if he could bring his opinion in line with Billow v. Farmers Trust Company. We then permitted defendant to counter that testimony with an expert of his choosing. We consider this discretionary.

Assignment No. 10 complains that we refused to allow plaintiff to present evidence that decedent was not drinking. No one had accused him of drinking. There was not the slightest inference that decedent had been indiscrete. We ruled that his activities on the night in question were irrelevant and consider this ruling correct.

The remaining assignments have to do with requests for various instructions to the jury orally made at the end of the charge, e. g., that defendant had a duty to avoid hitting plaintiff and that one approaching an intersection was under a duty to slow down. We had covered the relevant provisions of the motor code and considered the charge on the whole to be adequate. A review of the charge does not change that view.

With respect to the weight of the evidence we think it supports the verdict. It must be remembered that plaintiff's counsel found the facts difficult to overcome. Decedent had turned in front of defendant. The accident happened on defendant's side of the highway. The issue of fitness to drive was the real issue before the jury and we see no basis upon which to interfere with the finding of the jury.