## Richmond

### JESSIE S. MAXIE v. JOHN DOE.

January 20, 1975.

Record No. 740105.

Present, All the Justices.

*James W. Haskins (R. Reid Young, Jr.; Young, Kiser & Haskins,* on brief), for plaintiff in error.

*Charles R. Warren, Jr. (Warren, Parker & Williams,* on brief), for defendant in error.

Per Curiam.

Jessie S. Maxie sought to recover a judgment for personal injuries sustained in an automobile accident involving her vehicle and another vehicle allegedly operated by John Doe, an unknown driver. At the first trial the jury was unable to agree upon a verdict. The second trial resulted in a verdict for the defendant, John Doe. The dispositive issue involves the action of the court in granting an instruction concerning the speed of appellant's vehicle.[1]

---

[1] "INSTRUCTION NO. 3: THE COURT INSTRUCTS THE JURY that the maximum speed limit at the time and place of the collision involved herein was 30 miles per hour; and if you believe from a preponderance of the evidence that the plaintiff was driving her vehicle in excess of this limit, then the plaintiff was negligent.

"And if you further believe from such evidence that any such negligence was the sole proximate cause of the collision, then you shall find your verdict in favor of the defendant."

The accident occurred on December 15, 1971, at approximately 2:30 P. M. just outside Martinsville. Mrs. Maxie was traveling in an easterly direction on Spruce Street Extension. The road was described as winding with a lot of embankments and without any markings. The speed limit thereon was 30 miles an hour. Appellant testified that she was operating her automobile at a speed of 20-25 miles an hour when she met a car in a curve. She said the approaching car was being operated at a high rate of speed and was on her side of the road. To avoid the car she pulled to her right, struck the gravel and lost control. She said she then crossed the road and went down an embankment on the left side. There were no eyewitnesses to the accident other than appellant, and there was no police investigation.

James Prettyman, III, who lived directly across the road from the scene of the accident, heard a "rushing" noise and, upon looking out of a window, saw the Maxie car going backwards down the embankment on the opposite side of the road. He observed no other traffic on the highway.

Leon James, who was also traveling in an easterly direction on Spruce Street Extension, testified that Mrs. Maxie passed him "three-quarters of a mile, or a mile I reckon" from the scene of the accident. He estimated that she was operating her vehicle at a speed of "45 to 55". At the first trial he testified that Mrs. Maxie passed him about half a mile from the point where the accident occurred. James further said that he arrived at the scene about one minute after Mrs. Maxie passed him, and that during that interval he met no vehicle running at a fast rate of speed. He stated that if he had met such a vehicle he would have remembered it. He also testified that, according to his recollection, Mrs. Maxie did not reduce her speed at any time while her vehicle remained in his sight.

Mrs. Maxie said that she was thoroughly familiar with the road on which she was traveling and knew that it was a dangerous highway. After estimating her speed at 20 to 25 miles an hour she testified that she maintained the same speed all the way down Spruce Street Extension to the time of the accident.

John Doe defended upon the sole ground that he was not at the scene of the accident; or stated differently, that there was no John Doe and no unknown vehicle. The defense did not ask for any instruction on contributory negligence and none was given.

No evidence was introduced to show that John Doe and Mrs. Maxie acted in concert to cause the accident.

Appellant argues that there was no probative evidence that her speed was the proximate cause of the accident, and therefore Instruction No. 3 should not have been given. She says that the testimony of James as to her unlawful speed three-quarters of a mile from the scene of the accident was not of itself sufficient to warrant the inference that such excessive speed continued until the time of the accident. She cites *Grinstead* v. *Mayhew*, 167 Va. 19, 187 S. E. 515 (1936), and *Barnes* v. *Barnes, Adm'r.*, 199 Va. 903, 103 S. E. 2d 199 (1958).

John Doe argues that the testimony of James as to speed did not stand alone but finds support in other evidence and in the physical facts. *Davis* v. *Webb*, 189 Va. 80, 52 S. E. 2d 141 (1949). He argues that at a speed of 20 to 25 miles an hour, as claimed by Mrs. Maxie, it is highly unlikely that her car would have "swapped ends", crossed the highway, and gone down the embankment. He notes that by the time James, who testified he was traveling at the speed limit, arrived at the scene, Prettyman had observed the accident, left his home, crossed the highway, gone down to the car, and was assisting Mrs. Maxie. Appellee argues that for all this to have occurred Mrs. Maxie necessarily would have had to have been a considerable distance ahead of James at the time of the accident. He says that she gained this distance by reason of her excessive speed since both her car and the James vehicle were traveling in the same direction.

Whether the evidence of James as to the speed of the Maxie vehicle when it passed him had probative value was a matter within the sound discretion of the trial court and depended on distance and other factors. *Interstate Veneer Company* v. *Edwards*, 191 Va. 107, 60 S. E. 2d 4 (1950); *Slate* v. *Saul*, 185 Va. 700, 40 S. E. 2d 171 (1946). Most certainly John Doe was entitled to argue, not only that the evidence failed to show that there was a John Doe, but that the evidence affirmatively showed how the accident did in fact occur. It was proper for him to have pointed out the speed of the Maxie vehicle and to have argued that the accident resulted solely from such speed and not from the intervention of another vehicle.

The burden was on Mrs. Maxie to prove not only that there was in fact a John Doe but that his negligence proximately caused the accident in which she was injured. Instruction No. 3

was entirely consistent with John Doe's defense that he was not present and further that the accident was caused by appellant's own negligence. The instruction simply told the jury that if it believed that Mrs. Maxie was driving her car in excess of the speed limit and that her negligence in so doing was the *sole* proximate cause of the collision, it should find its verdict in favor of John Doe. Manifestly, this is not a contributory negligence instruction, for had John Doe defended on the ground of contributory negligence the speed of the Maxie vehicle need not have been the sole proximate cause of the collision to have prevented a recovery by her. Had it been an efficient contributing cause, her recovery would have been barred.

The jury was fully and fairly instructed, and we are satisfied from an examination of the record, which includes argument of counsel, that the one issue involved was properly submitted to the jury and decided. The parties have had a fair trial on the merits and substantial justice has been reached within the contemplation of Code § 8-487. *See Va. Ry. & P. Co.* v. *Smith,* 129 Va. 269, 105 S. E. 532 (1921).

The judgment of the lower court is

*Affirmed.*