599 P.2d 1080

**Luis J. ESTRADA, as Administrator and Personal Representative of the Estate of Johnny Estrada, deceased, and as father and next friend of David Estrada, a minor, Plaintiff-Appellant,**

v.

**Daniel CUARON, Defendant-Appellee.**

No. 3578.

Court of Appeals of New Mexico.

June 19, 1979.

Rehearing Denied July 9, 1979.

James P. Reichert, David R. Gallagher, Gallagher, Casados & Martin, Albuquerque, for plaintiff-appellant.

James T. Roach, Klecan & Roach, Albuquerque, for defendant-appellee.

## OPINION

WALTERS, Judge.

Plaintiff appeals an adverse jury verdict and judgment arising out of an automobile-pedestrian accident that occurred August 5, 1976 at approximately 10:20 p. m. near the southeast corner of the intersection of Coors Boulevard and Barcelona Road in Albuquerque, New Mexico. Defendant was driving north on Coors Boulevard. Decedent and his brother were crossing Coors Boulevard afoot from west to east and were about twelve inches from the east curb line when the accident occurred.

The trial court refused to admit evidence of speed of defendant's vehicle by two witnesses: (1) that of a state police officer who clocked defendant's speed at 69 miles per hour $7/10$ of a mile south of the point of the accident and (2) a lay witness, 16 years of age, standing 10 feet east of Coors, who observed defendant's car about 75 yards south of the point of the accident, a split second before defendant's car struck the boys. Plaintiff correctly contends that exclusion of this evidence was reversible error. Both witnesses should have been permitted to testify.

The eye witness, a 16 year-old boy with two years' driving experience, accompanied decedent and his brother to the south side

of Barcelona at the Coors intersection. He crossed Coors Boulevard first, stood about 10 feet east of Coors and watched the brothers cross. When they arrived at the middle of the two northbound lanes of Coors Boulevard, he saw defendant's car approaching from the south at about 75 yards. He looked back at the boys, with the approaching car also within his sight, and saw the car strike them. It took two or three seconds from the time he first saw the car to the time of the accident.

The witness was examined in the absence of the jury. He testified that he drove his own car to work everyday, and was experienced in observing the speed of other cars. He said that defendant's vehicle was going at a high rate of speed, probably 65 or 70 miles an hour. The court held that the witness was not competent to evaluate the speed.

█ A sufficient foundation had been laid for the witness's testimony. *State v. Richerson,* 87 N.M. 437, 442, 535 P.2d 644 (Ct.App.1975); *Pavlos v. Albuquerque Nat'l Bank,* 82 N.M. 759, 487 P.2d 187 (Ct.App. 1971), and cases and authorities collected in *Pavlos.* Personal observation is the key factor in allowing lay opinion evidence. *Pavlos, supra,* at 761, 487 P.2d 187. This witness was clearly competent to observe defendant's vehicle and to estimate its speed. The value of his opinion was for the jury to assess.

█ Plaintiff tendered the testimony of the state police officer who related that he clocked defendant driving at 69 m.p.h. seven-tenths of a mile from the accident. He pulled off to the side for fifteen seconds "at the most" to allow two cars to pass so he could make a u-turn and pursue defendant, having defendant's taillights in view at all times. He saw defendant brake "for an instant" at the intersection of Rio Bravo, .2 mile before Barcelona where the accident occurred; the car continued north and the brake lights came on again "for short time, and off," and then on once again when defendant pulled onto the shoulder north of Barcelona. The officer told the court that the second time he saw the brake lights

flash "must have been at the time of the accident." He was unable to say how much the car slowed down after the defendant braked "for an instant" before defendant reached the point of the accident and made the second "on and off" application of his brakes. Defendant testified he was driving fifty-five miles per hour before he reached Rio Bravo.

There is no question that the officer's testimony was relevant as tending to make the existence of defendant's excessive speed more or less probable than it would be without the evidence. N.M.R.Evid. 401, N.M.S.A.1978. It was not made inadmissible by reason of danger of unfair prejudice, confusion of issues or misleading the jury, undue delay, waste of time, or because it was cumulative evidence. Rule 403. He clocked defendant at 69 m.p.h. a half-mile south of Rio Bravo. Defendant said he "slowed down" to "about fifty miles an hour" between Rio Bravo and Barcelona. Even assuming a 50-mph speed for the entire .7 mile from the radar contact to the point of the accident, the officer's observation occurred less than a minute before the accident (.7 mile (3696 feet) ÷ 70.0 feet/second (at 50 m.p.h.) = 52.8 seconds); thus the evidence of speed was not so remote as to be misleading or confusing, cf., *Pavlos v. Albuquerque Nat'l Bank, supra* (evidence relating to driving conditions as far as 72 miles from scene of accident). Additionally, it was relevant to the credibility of defendant's statement that he had not exceeded the speed limit that night. Rule 607.

The purpose of a trial of factual issues is to arrive at the truth, insofar as possible. *State ex rel. Hwy. Dept. v. Kistler-Collister Co. Inc.,* 88 N.M. 221, 539 P.2d 611 (1975). The jury had before it only the testimony of defendant regarding speed, the testimony of both the officer and the eye-witness having been excluded. Thus the defendant's testimony at trial was uncontradicted. If the excluded evidence had been admitted, the jury was not bound to believe either of the witnesses, nor that the radar-recorded speed continued to the point of accident;

but even though the testimony of these witnesses was not conclusive, it was relevant to the issue of defendant's speed and should have been submitted to the jury. " 'It is wise to remember that the trend in American jurisprudence is toward the greater admissibility of evidence. We must not "close any reasonable avenues to the truth in the investigation of question of fact. In doubtful cases the doubt should be resolved in favor of its admissibility." ' " *Weiland v. Vigil,* 90 N.M. 148, 153, 560 P.2d 939, 944 (Ct.App.1977), Sutin, J., quoting from his dissent in *Pavlos v. Albuquerque Nat'l Bank, supra.*

The radar evidence corroborated the lay witness's opinion that defendant was traveling between 65 and 70 m.p.h. at the point of impact. *Dawson v. Olson,* 97 Idaho 274, 543 P.2d 499 (1975). By the same token, the police officer's testimony confirmed the testimony of the layman; and the jury should have been allowed to weigh their conflicting evidence with that of defendant's. *Jones v. Anderson,* 81 N.M. 423, 467 P.2d 995 (1970).

The trial court was in error in excluding the tendered evidence by plaintiff's two witnesses.

The case is reversed and remanded for a new trial.

IT IS SO ORDERED.

HERNANDEZ, J., concurs.

SUTIN, J., concurs in part and dissents in part.

SUTIN, Judge (concurring in part and dissenting in part.)

I concur and dissent.

Judges Hernandez and Walters withdrew my opinion in this case which had been filed on May 23, 1979. To avoid any misunderstanding, I do herewith set forth the pertinent parts of my opinion.

We reverse as follows:

(1) The Court is in accord on Point B of the opinion, that the trial court erred in denying admission of the testimony of the lay witness.

(2) Judges Hernandez and Walters, in special opinions also reverse on denial of the admission in evidence of the police officer's testimony. Judge Sutin dissents.

Point A in this opinion which follows represents Judge Sutin's dissent.

A. *The trial court did not abuse its discretion in denying admission of officer's testimony.*

The police officer was travelling south on Coors Boulevard. At approximately 7/10 of a mile south of the Barcelona intersection, the officer, by radar, clocked the speed of defendant's approaching vehicle at 69 miles an hour. At that moment, defendant's vehicle was 205 yards south of the police car or about 9/10 of a mile from the Barcelona intersection. The accuracy of the radar evidence was not challenged. *See,* Annot., *Proof, by radar . . . of violation of speed regulations,* 47 A.L.R.3d 822 (1973). The officer stopped on the shoulder of the road to allow two cars behind him to pass. After 15 or 20 seconds, a U-turn was made and the officer proceeded north. He saw the taillights of the vehicle. At the Bravo intersection, he saw the brake lights go on and then off. How much the vehicle slowed down, he could not say. Neither could he estimate the rate of speed as the vehicle approached the point of the accident.

At first blush, the trial court held the testimony relevant under Rule 401 of the Rules of Evidence. After extensive argument and further questioning of the police officer, a change of position occurred. The trial court held the clocked speed irrelevant because it could not be tied to the cause of the accident. The court concluded:

I am not prepared to let my jury speculate.

Rule 401 defines "relevant evidence" as follows:

"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more

probable or less probable than it would be without the evidence.

The determination of relevancy rests largely within the discretion of the trial court. *Wright v. Brem,* 81 N.M. 410, 467 P.2d 736 (Ct.App.1970). Judicial discretion is also the controlling factor in the admissibility of vehicular speed fixed at some point distant from the accident. On appeal, respect for this discretionary process is eminent and conspicuous. It represents the personal judgment of the court based in all conscience on an honest attempt to resolve the perplexing problem involved in the reception of evidence. It involves a choice, an exercise of the will, of a determination made between competing circumstances. In making the determination, the court must evidence the exercise of will, not perversity thereof, the exercise of judgment, not the defiance thereof, the exercise of reason, not passion or bias. On appeal, I look to see if the result is palpably and grossly violative of fact and logic. Unless the reasons given are so untenable or unreasonable in such fashion as to amount to a denial of justice, the decision of the trial court must be affirmed. *Pankey v. Hot Springs Nat. Bank,* 42 N.M. 674, 680–81, 84 P.2d 649, 653 (1938) says:

. Any attempt to define the phrase "judicial discretion" is generally regarded as a difficult and dangerous undertaking. But we venture that such a discretion as the law sanctions is not arbitrary, vague, or fanciful, nor is it to be controlled by humor or caprice, but is to be governed by principle and regular procedure for the accomplishment of the ends of right and justice.

The ruling of the trial court is presumed valid and the burden is on plaintiff to show in which manner the trial court abused its discretion. We will not substitute our discretion for that of the trial court. *Coastal Plains Oil Company v. Douglas,* 69 N.M. 68, 364 P.2d 131 (1961). Plaintiff's burden is heavy in view of our long-standing rule that the action of the trial court, absent a patent abuse or manifest error in the exercise of discretion, will not be overturned.

*Hanberry v. Fitzgerald,* 72 N.M. 383, 384 P.2d 256 (1963). This burden has not been met. In so concluding, I lay aside any personal feelings of disagreement that we might have. If the trial court had ruled the testimony of the police officer admissible, I would have affirmed the determination made.

In *Giroux v. Gagne,* 108 N.H. 394, 236 A.2d 695, 698 (1967), Justice Grimes said:

A review of the many cases involving merely evidence of speed at various distances from a scene of an accident would not be helpful. For a collection of cases, see Annot. 46 A.L.R.2d 9. . . .

In the 22 years following the Annotation published in 1956, a review of the many cases on the subject follow in the tenor of the preceding Annotation. *See* A.L.R.2d, Later Case Service for 40–48 cases. Each case is decided upon the facts and circumstances surrounding the event. Judicial discretion is and is not relied upon by appellate courts. Admission of evidence of speed at various distances is and is not remote. Denial of admission of evidence of speed at various distances is and is not reversible error. It may be said with some degree of certainty that each appellate court affirms or reverses in the climate of what it believes to be fair or just. No hard and fast rule can be laid down on the subject.

Ofttimes, the most important factor is (1) the degree of probability that speed continued until the accident occurred; (2) whether a casual connection existed between the speed and the accident; (3) whether evidence of speed stands alone or fits into a pattern with other evidence to show continued speed; (4) what period of time elapsed between the witness's observation of speed and his arrival at the scene of the accident; (5) whether prejudicial error exists; and (6) whether the trial court exercised judicial discretion or abused it.

In New Mexico, judicial discretion has been the most important factor. *State v. Richerson,* 87 N.M. 437, 535 P.2d 644 (Ct. App.1975); *Garrett v. Howden,* 73 N.M. 307, 387 P.2d 874 (1963).

In *Richerson*, a witness, 200 feet from an intersection, testified that defendant was driving at 70 miles per hour. Within the discretion of the court, the evidence was admissible. In *Garrett*, the trial court did not abuse its discretion in excluding evidence that after the accident an unidentified bystander had said that within a mile and a half of the scene of the accident, defendant-driver had passed her "doing better than 100." In both cases, reference was made to the A.L.R. Annotation, *supra.*

For analogous cases in which judicial discretion was the controlling factor upholding the trial court who either admitted or denied evidence of speed, *see, Comins v. Scrivener*, 214 F.2d 810 (10th Cir. 1954), 46 A.L.R.2d 1 (1956), in which Justice Bratton decided a New Mexico case; *Gleson v. Thompson*, 154 N.W.2d 780 (N.D.1967); *Emery v. Frateschi*, 161 Me. 281, 211 A.2d 578 (1965); *Hill v. Sadler*, 186 So.2d 52 (Fla.App.1966); *Swindall v. Speigner*, 283 Ala. 84, 214 So.2d 436 (1968); *Bennett v. Bass*, 248 Md. 260, 235 A.2d 715 (1967); *Shoopman v. Long*, 252 Or. 341, 449 P.2d 439 (1969); *Baxter v. Rounsaville*, 193 So.2d 735 (Miss.1967); *Maxie v. Doe*, 215 Va. 409, 211 S.E.2d 246 (1975).

In the instant case, the trial court, in making its determination, exercised judgment and reason. I cannot say that the result was so palpably and grossly violative of fact and logic, nor so untenable or unreasonable as to amount to a denial of justice. There was no abuse of discretion.

### B. *The testimony of the lay witness was admissible. The weight and credit to be accorded it is for the jury.*

The lay witness, 16 years of age, accompanied decedent and his brother to the south side of Barcelona at the Coors intersection. He crossed Coors Boulevard first, stood about 10 feet east of Coors and watched the brothers cross. When they arrived at the middle of the two northbound lanes of Coors Boulevard, he saw defendant's car approaching from the south at about 75 yards. He looked at the boys, looked back at the car at the moment the car struck them. It took two or three seconds from the time he saw the car to the time of the accident. The trial court sustained defendant's objection to the witness's estimate of speed. The witness was examined in the absence of the jury. He glanced at the car for just about a second, a split second or so, and stated that defendant's vehicle was going at a high rate of speed, probably 65 or 70 miles an hour. The court held that the witness was not competent to evaluate the speed. We disagree.

*Gibbs v. Gianaris*, 137 Ga.App. 18, 223 S.E.2d 4 (1975) involved a motorcycle-automobile accident in which the jury found for defendant-automobile driver. Plaintiffs urged that it was error to allow two teenagers to give their estimate regarding speed of plaintiff's motorcycle prior to the collision because no sufficient opportunity existed to observe the vehicle and both were not competent to estimate speed due to age and lack of experience.

One witness, 14 years old, saw the plaintiff for "just a brief second" and estimated his speed at "approximately 50 to 55 miles per hour." The witness admitted he had never driven an automobile prior to that time but stated he had owned a motorcycle. The length of time he observed the motorcycle was "just a second" and he conceded that his estimate was a "guess." The other witness, aged 15, who had ridden in and driven cars, estimated the speed "between 50 and 60." He stated he observed the motorcycle "between a split second and a second."

Omitting the citation of cases, the court said:

A non-expert witness may give an opinion concerning speed where he relates the facts on which such opinion is based. Where the witnesses' qualifications are weak, the testimony is admissible, although the weight and credit to be accorded it is for the jury.

\* \* \* \* \* \*

[T]estimony was allowed by a witness who had only gotten a "glimpse" of the vehicle, the court holding: "The period of observation upon which the testimony of a witness as to speed is based is a factor

for the jury to consider in weighing the testimony of the witness and does not affect its admissibility."

From these cases we conclude that the testimony of the witnesses was admissible, leaving for the jury to determine whether their period of observation was sufficient and whether they had the requisite experience. [223 S.E.2d at 5].

Opinion testimony as to speeds, time, and distance is admissible even though it may be very unreliable. *Harris v. Collins*, 145 Ga.App. 827, 245 S.E.2d 13 (1978); *Fuels, Inc. v. Rutland*, 123 Ga.App. 23, 179 S.E.2d 290 (1970).

For cases which support the *Gibbs* rule, *see Hicks v. Bacon*, 26 Mich.App. 487, 182 N.W.2d 620 (1970); *Cederburg v. Carter*, 448 P.2d 608 (Wyo.1968); *Raines v. Boltes*, 258 Md. 325, 265 A.2d 741 (1970); *Godwin v. Jerkins*, 282 Ala. 11, 208 So.2d 210 (1968); *Davis v. Imes*, 13 N.C.App. 521, 186 S.E.2d 641 (1972); *Murchison v. Powell*, 269 N.C. 656, 153 S.E.2d 352 (1967); *Emanuel v. Clewis*, 272 N.C. 505, 158 S.E.2d 587 (1968); *Potts v. Brown*, 452 P.2d 975 (Wyo.1969). *Contra: Carpino v. Kuehnle*, 54 F.R.D. 28 (D.Pa.1971), aff'd, 3 Cir., 474 F.2d 1339; *City of Milwaukee v. Berry*, 44 Wis.2d 321, 171 N.W.2d 305 (1969).

The trial court erred in denying admission of the estimate of speed of the lay witness.