619 P.2d 855
**STATE of New Mexico,**
**Plaintiff–Appellee,**

v.

**Robert PERRY, Defendant–Appellant.**

**No. 4702.**

Court of Appeals of New Mexico.

Nov. 6, 1980.

John B. Bigelow, Chief Public Defender, Melanie S. Kenton, Asst. Appellate Defender, Santa Fe, for defendant–appellant.

Jeff Bingaman, Atty. Gen., Michael E. Sanchez, Asst. Atty. Gen., Santa Fe, for plaintiff–appellee.

OPINION

HENDLEY, Judge.

Defendant appeals his conviction of criminal sexual penetration in the third degree contrary to § 30–9–11, N.M.S.A. 1978, contending that the trial court committed error in admitting certain hearsay testimony. We affirm.

The victim, Debra Rozelle, testified that she was awakened in her room, which was registered to a Mr. DeClue at the Sundowner Motel in Albuquerque, in the early morning hours by a black man. When she opened the door, he pushed his way into the room and put his hand over her mouth. She got away from him, started screaming and threw a trash can at the window. He grabbed her and raped her.

The desk clerk, Loren Anderson, testified that on the same evening a black man came into the office and wanted to know the room number of a guest. There was no one registered by that name. The man then asked for the room number of a Mr. DeClue and also asked for the room key. The desk clerk refused to give him a key to the room and the man left.

Anderson also testified, over defendant's hearsay objection, that five or ten minutes after the man left he received a call from the people in the room adjacent to Rozelle's room. The people complained about the screaming and hollering going on in the next room. Anderson testified it was five or ten minutes after the call that he walked down to the room, looked through the partially opened curtains, and saw a woman and a black man sitting on the bed. Anderson heard no disturbance. Shortly thereafter, Rozelle went to the motel office and reported the rape to Anderson and he called the police. She told Anderson, "Don't let that black man get to me." Anderson also stated she was hysterical and that during this time the black man attempted to come

in the office, which was locked. The police arrived shortly thereafter and arrested the black man. The victim identified the black man as the person who raped her.

Defendant contends that the objected to testimony by Anderson was hearsay, in that it was a statement made by one other than the declarant and offered to prove the truth of the matter asserted, as defined in N.M.R. Evid. 801, N.M.S.A. 1978.

Rule of Evidence 803, N.M.S.A. 1978, states in part:

*Rule 803. Hearsay evidence: availability of declarant immaterial.*

The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

(1) *Present sense impression.*

A statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter[.]

Weinstein and Berger, *Weinstein's Evidence*, ¶ 803(1)[01] (1979), in discussing the rule, states:

First, the statement must be made while the event or condition is being perceived by the declarant or immediately thereafter. The fact that the event occurred contemporaneously or shortly thereafter is a factor to be considered in determining the trustworthiness of the statement. The trial judge, pursuant to N.M.R. Evid. 104(a), N.M.S.A. 1978, must decide whether the time element involving the perception affects the reliability of the evidence.

Second, the rule permits the admission of remarks of even an unidentified bystander. It is immaterial whether the declarant is available as a witness. The admissibility of the statement will depend upon the trial court's view of the type of case, the availability of other evidence, the verifying details of the statement and the setting in which the statement was made.

Third, the statement must be one which describes or explains the event or condition.

This requirement must not be viewed so narrowly as to exclude evidence which would aid the jury. Further, this requirement should not be interpreted as meaning that the statement must relate directly to the ultimate fact in issue. Relevancy and contemporaneousness are the keys of admissibility.

Morgan, *Basic Problems of Evidence*, p. 340–41 (1962), in discussing Rule 512(a) of the American Law Institute Model Code on the present sense impression and quoting favorably from James Bradley Thayer, 15 Am. Law Rev. 71, 83 (1881), and Legal Essays, 272 (1908), stated that the admission of the statement did not require the trial court to rely solely upon the credibility of the unexamined declarant. If the witness was unavailable, the witness having heard the statement made by the declarant could be cross–examined concerning his perception of the event or condition sufficiently to enable the trial court to put a fair value upon the declarant's statement. In addition, the utterance must be substantially contemporaneous with the event, to negate the probability of deliberate or conscious misrepresentation, and the event or condition need not be exciting or such as to still the reflective facilities. Further, it need not be the subject of an ultimate issue in the case–it may be an item of circumstantial evidence. One of Morgan's concerns was with the interpretation of "contemporaneous" and that a broadening of the term would practically destroy the protection afforded by cross–examination. *See*, Vol. 46, Col. Law Rev. 430 (1946); *Houston Oxygen Co. v. Davis*, 139 Tex. 1, 161 S.W.2d 474 (1942); *Cf., Estrada v. Cuaron*, 93 N.M. 283, 599 P.2d 1080 (1979).

Basically, all that the foregoing requirements need mean is that there be no apparent motive to lie. The requirements assist the trial court in reaching its determination. *See generally, MCA, Inc. v. Wilson*, 425 F.Supp. 443 (S.D.N.Y. 1976). This, of course, must be the thrust of the analysis by the trial court in determining whether

the statement is admissible and, absent an abuse of discretion in admitting the testimony, the decision of the trial court will not be overturned. *State v. Bell*, 90 N.M. 134, 560 P.2d 925 (1977).

 Given the foregoing rules, we hold that the trial court did not abuse its discretion in admitting the statement made by the occupant of the room next to Rozelle's room. This statement was relevant to the issue involved and was made contemporaneously with the event. The statement meets the tests as discussed by Weinstein and Morgan.

Affirmed.

IT IS SO ORDERED.

WOOD, C. J., and HERNANDEZ, J., concur.