### BRYANT v. BROWN.

1. APPEAL AND ERROR—AUTOMOBILES—GREAT WEIGHT OF EVIDENCE —INSTRUCTIONS.

In action arising out of automobile collision which occurred as plaintiff, in his employer's car, had overtaken and was nearly past defendant's car, record *held*, to present no ground for claim verdict was against great weight of the evidence nor that prejudicial error was committed in failing to give plaintiff's requests to charge where testimony as to course of defendant's car was in direct conflict and instructions of court in his own language correctly covered all issues.

2. TRIAL—AUTOMOBILES—CHAUFFEURS—INTEREST OF EMPLOYER.

In chauffeur's action against another motorist to recover damages for personal injuries sustained as result of collision between employer's and defendant's cars, plaintiff *held*, not entitled to complain of defendant's references to plaintiff's employer throughout the trial as prejudicial where plaintiff introduced employer into case, character of his interest in the case was evident and jury could not have been misled as to the issues or parties.

3. AUTOMOBILES—SPEED—EVIDENCE—COMPETENCY.

The competency of testimony as to speed of automobiles involved in a collision is not determined by specific distance or time but by causal connection or contact with the accident.

4. SAME—INSTRUCTIONS—SPEED—OVERTAKING VEHICLES—CONTRIBUTORY NEGLIGENCE.

In action arising out of automobile collision which occurred as car plaintiff drove overtook and was nearly past defendant's car, instruction that testimony of defendant's witnesses as to speed of plaintiff's car only bore upon speed at the time of passing *held*, more favorable to plaintiff than was due him where such witnesses were following him on the road and connected their own observations directly with claim of contributory negligence.

Appeal from Cass; Warner (Glenn E.), J. Submitted January 5, 1937. (Docket No. 4, Calendar No. 39,104.) Decided March 1, 1937.

Case by Leonard D. Bryant against Harry A. Brown and wife for personal injuries suffered in an automobile accident. Verdict and judgment for defendants. Plaintiff appeals. Affirmed.

*Carl D. Mosier,* for plaintiff.

*Burns & Hadsell,* for defendants.

Fead, C. J.    Defendants had verdict and judgment in an action for personal injuries sustained by plaintiff in a collision of automobiles.

Plaintiff's claim is that, as he was passing defendant Brown on the highway, Brown turned his car to the left, across the center line, it struck plaintiff's car and caused it to run off the road and against a tree.

Brown claims he remained at all times on his own right side of the road, that plaintiff's car crossed the center line and struck defendants' car.

The testimony presented such direct conflict of facts and they were presented to the jury with such clear and correct instructions covering all the issues that the record affords no ground for the claim that the verdict was against the great weight of the evidence or that the failure of the court to give plaintiff's requests to charge in his language, instead of in the equally plain words of the court, was prejudicial.

Plaintiff was chauffeur for Charles Heddon, whose car he was driving when injured. Plaintiff complains that defendants stressed prejudicially Heddon's connection with plaintiff and the automobile, particularly in that the jury probably was led to imagine that Heddon was a party to the suit. Plaintiff introduced Heddon into the case and when he and his witnesses had finished, it was apparent that Hed-

don was taking a natural and decent interest in the case. The character of his interest was evident and nothing occurred thereafter which presented incompetent testimony or charged Heddon with impropriety, nor could the jury have been misled as to the issues or parties.

Plaintiff testified that for some miles before the accident he had not exceeded a speed of 42 miles per hour, had reduced to 28 miles, and from a curve some 450 feet from the scene of the collision had driven at 35 miles, accelerating to 38 as he came close to defendants' car.

Testimony offered by defendants as to plaintiff's speed at remote points was rejected by the court but witnesses were permitted to state his speed just before and as he came to the last curve and rounded it.

The competency of such testimony is not determined by specific distance or time but by causal connection or contact with the accident. With modern motors and brakes the speed may be materially increased or decreased almost instantly. Aside from the fact that plaintiff had stated his speed within the distances to which the witnesses testified, and had said he had not reduced but had slightly increased his speed thereafter, there was a claim that plaintiff had lost control of his car at or about the curve some 450 feet away. The witnesses were following plaintiff on the road and they carried forward their statements of his speed from the places he had passed them to the curve and therefore connected it directly with a claimed element of negligence. The court, in instructing the jury that such testimony only bore upon the speed at the time of passing, was more favorable to plaintiff than was due him.

We cannot read the charge, as does plaintiff, as instructing the jury that a certain rate of speed on passing another car is negligence as a matter of law.

We read it as properly submitting the matter of speed as a fact bearing upon the claim of plaintiff's contributory negligence.

We find no error in the record and judgment is affirmed, with costs.

NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, POTTER and CHANDLER, JJ., concurred.