### HICKS v. BACON

### HICKS v. SUTHERLAND

1. AUTOMOBILES—GUEST PASSENGERS—PURCHASE OF GASOLINE—PAYMENT FOR TRANSPORTATION.

> Gratuitous purchases of gasoline for the driver do not transform a guest passenger's status into that of a passenger for hire as the sharing of the cost of gasoline is but a social amenity and not such payment as to confer passenger-for-hire status on the passenger under the guest-passenger act (MCLA § 257-.401).

---

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 478, 480.
   Payments or contributions by or on behalf of automobile rider as affecting his status as guest. 10 ALR2d 1351.
[4–8] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 984–993.

2. Automobile Negligence — Guest Passenger — Indefinite and Casual Arrangements.

A guest relationship exists under the guest-passenger act where the arrangements between the parties are so indefinite and casual that sociability is the dominant element of the furnishing of the transportation (MCLA § 257.401).

3. Automobiles—Guest Passenger—Social Friend—Purchase of Gasoline.

Guest status existed under the guest-passenger act where plaintiff and defendants were related to each other, were long time social friends, they often took trips together and plaintiff would contribute money to the purchase of gasoline on some occasions although defendants never requested it nor did they expect it and were always happy to take plaintiff along regardless of her ability to pay as the overwhelming character of such indefinite arrangement was one of friendliness and sociability (MCLA § 257.401).

4. Automobiles—Negligence—Speed—Ordinary Observation.

One need not qualify as an expert in order to testify as to matters one learns through ordinary observation, such as the rate of speed at which a vehicle is going provided a witness is fully interrogated as to the knowledge upon which his judgment is based, so that a jury can determine what weight should be given to his statements.

5. Automobiles—Speed—Competency of Witness.

The competency of a witness's testimony as to speed of an automobile is not necessarily determined by specific distances or time but by a causal connection with the accident.

6. Automobiles—Speed—Evidence.

Testimony as to speed of an automobile should be admitted where the jury is made aware of the witness's opportunity to observe so that the admission of such testimony is not made contingent upon specific times or distances and the weight to be given this testimony is for the jury to decide.

7. Automobiles—Estimates of Speed—Evidence—Opinion Testimony—Force of Impact.

Estimates of speed based solely on opinions of the force of impact are not admissible.

8. AUTOMOBILES—SPEED—EVIDENCE—OBSERVATION—FORCE.

The weight of a witness's testimony was for the jury where the witness gave her estimate of the speed of an automobile which struck an automobile in which she was a passenger based upon her observation of the other automobile and the resulting force of the collision.

Appeal from Calhoun, Creighton R. Coleman, J. Submitted Division 3 January 8, 1970, at Grand Rapids. (Docket Nos. 6,640, 6,641.) Decided September 28, 1970. Leave to appeal denied November 30, 1970. 384 Mich 784.

Complaint by Sidney Lou Hicks and Richard Hicks against Douglas Bacon and Carol Ann Bacon and James Sutherland and Hazel Sutherland for automobile negligence. Judgment for plaintiffs. Defendants appeal. Reversed as to defendants Sutherland. Affirmed as to defendants Bacon.

*Hatch & Hatch,* for plaintiffs.

*McAuliffe & Harbert,* for defendants Bacon.

*Allen, Worth & Calderone,* for defendants Sutherland.

Before: V. J. BRENNAN, P. J., and R. B. BURNS and T. M. BURNS, JJ.

V. J. BRENNAN, P. J. On March 17, 1966, defendants James and Hazel Sutherland invited plaintiff Sidney Lou Hicks (hereinafter referred to as plaintiff) to journey by automobile from Marshall, Michigan to Battle Creek, Michigan so he could run errands and shop in Battle Creek. The car was driven by defendant James Sutherland and occupied by defendant Hazel Sutherland, the Sutherlands'

son, and plaintiff. The Sutherland automobile proceeded south on Washington Street in Battle Creek at about 2:30 p.m. At the intersection of Washington and Michigan Avenues, the Sutherland automobile attempted to negotiate a left turn from Washington Street onto Michigan and, as it had almost completed the turn, was struck by the Bacon automobile which was driven by defendant Carol Bacon. Plaintiff sustained serious personal injuries as a result of this accident and seeks damages from defendants Sutherland and defendants Bacon.

# I

Defendants Sutherland appeal from the judgment below on the grounds that there was insufficient evidence to sustain the jury's finding that plaintiff was a passenger for hire and not a guest passenger. MCLA § 257.401 (Stat Ann 1968 Rev § 9.2101) provides in pertinent part:

" * * * Provided, however, That no person, transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been caused by the gross negligence or wilful and wanton misconduct of the owner or operator of such motor vehicle and unless such gross negligence or wilful and wanton misconduct contributed to the injury, death or loss for which the action is brought."

Plaintiffs concede that defendant James Sutherland was guilty of only ordinary negligence in executing the left turn and the judgment can be upheld only if plaintiff was a passenger for hire. The facts show that plaintiff and the Sutherlands were longtime friends, indeed, Hazel Sutherland is plaintiff's cousin. Plaintiff and defendants Sutherland saw a

great deal of each other socially and went on many
outings together. They would also shop together
about twice a month in Battle Creek. Plaintiff
would contribute a dollar towards the purchase of
gasoline two or three times out of ten trips to Battle
Creek. Defendants Sutherland never requested
money, did not expect it, and were always happy to
take plaintiff along, regardless of her ability to pay.
Plaintiff knew she would be welcome on any trip to
Battle Creek even if she were unable to contribute.
Plaintiff's testimony along these lines is most en-
lightening:

"*Q.* At the time that Mrs. Sutherland called you
up and invited you to go to Battle Creek, did she ask
you for money to pay for transportation?
"*A.* No, sir.
"*Q.* Did you offer to pay her any money when she
called you up, for transportation?
"*A.* No, sir.
"*Q.* You didn't feel that you would not be welcome
on this trip if you did not have money, did you?
"*A.* No, sir.
"*Q.* You and Mrs. Sutherland were friends and
cousins.
"*A.* Correct.
"*Q.* You went to movies together, to the laun-
dromat together on occasions, and took trips to
Battle Creek together.
"*A.* Correct.
"*Q.* I believe it has been testified on occasions,
when you had the money, you would pay for the gas
or you would give a dollar when you got home from
these Battle Creek trips.
"*A.* Correct.
"*Q.* You didn't always have money when you went
to Battle Creek, did you?
"*A.* Not always.
"*Q.* On those occasions you wouldn't pay money.
"*A.* No, sir.

"*Q.* They didn't ask you for money, did they?

"*A.* No, sir.

"*Q.* When you took these trips with them, when it was completed and you gave them a dollar, it was simply a gesture of friendship and sociability, wasn't it?

"*A.* I thought if they were good enough to take me, as I don't have a car, I should share with the gas, yes.

"*Q.* But they would take you even if you didn't have money.

"*A.* Correct.

"*Q.* You knew they would, and they never asked you for money, did they?

"*A.* No, sir."

Gratuitous purchases of gasoline by a passenger do not transform the status of a guest passenger into that of a passenger for hire. *Morgan* v. *Tourangeau* (1932), 259 Mich 598; *Guiney* v. *Osborn* (1940), 295 Mich 559; *Shumaker* v. *Kline* (1952), 333 Mich 346. The sharing of the cost of gasoline is but a social amenity and not such payment as to confer passenger-for-hire status on the plaintiff. *Brody* v. *Harris* (1944), 308 Mich 234; *Bushouse* v. *Brom* (1941), 297 Mich 616. Where the arrangements between the parties are so indefinite and casual that sociability is the dominant element in the furnishing of the transportation, then a guest relationship exists. *Bond* v. *Sharp* (1949), 325 Mich 460. See also *Collins* v. *Rydman* (1956), 344 Mich 588 and *Pence* v. *Deaton* (1958), 354 Mich 547.

A reading of the record below convinces us that the overwhelming character of this indefinite arrangement between plaintiff and defendants Sutherland was one of friendliness and sociability, thereby, placing her in a guest status. Thus, in the Sutherland case we reverse accordingly.

II

Defendants Bacon appeal the admission of Hazel Sutherland's testimony as to the speed of the Bacon car at the time of the accident which she estimated was 45 to 50 miles per hour.[1] She admitted that she first observed the Bacon automobile one car-length or less away from the point of impact, although she claimed that she might have first noticed the automobile farther away than one car-length. She further justified this estimate of speed by the resulting damage and by the considerable force of the collision which caused the Sutherland vehicle to spin around. Defendants Bacon maintain that Hazel Sutherland did not have an adequate opportunity to observe the Bacon car for forming a basis to assess its speed.

One need not qualify as an expert in order to testify as to matters one learns through ordinary observation, such as the rate of speed at which a vehicle is going, provided a witness is fully interrogated as to the knowledge upon which his judgment is based, so that a jury can determine what weight should be given to his statements. *Stehouwer* v. *Lewis* (1929), 249 Mich 76, 81. The competency of testimony as to speed of automobiles is not necessarily determined by specific distances or times but by causal connection with the accident. *Bryant* v. *Brown* (1937), 278 Mich 686.

Several cases from our Supreme Court have dealt with observations of witnesses as to the speed of moving vehicles in relation to proximity of the vehicles to the accident when first observed. In *Hinderer* v. *Ann Arbor Railroad Co.* (1927), 237 Mich 232, a witness who first noticed a train two feet from an accident was incompetent to testify

[1] Carol Bacon admitted that she might have been going as fast as 29 miles per hour. The applicable speed limit was 25 miles per hour.

as to the velocity of the train. *Wright* v. *Crane* (1905), 142 Mich 508, held that a witness did not have an adequate opportunity to observe the speed of an automobile when it was first seen at night and without headlights 20 feet from the point of impact. In *Harnau* v. *Haight* (1915), 189 Mich 600, a witness who qualified as an expert was permitted to testify after observing an automobile for only 20 feet from the accident. In *Jakubiec* v. *Hasty* (1953), 337 Mich 205, a witness (who was a streetcar motorman and who probably should have qualified as an expert) was held incompetent to testify when it was clear he had seen the automobile for only 15 feet before the accident. Witnesses who were in positions to view automobiles 40 feet or more before the points of impact have consistently been held competent to estimate the speed of the vehicles. See *Jones* v. *Detroit Taxicab & Transfer Co.* (1922), 218 Mich 673 (40 feet); *Zylstra* v. *Graham* (1928), 244 Mich 319 (50 feet); *Stehouwer* v. *Lewis, supra,* (200 feet); *O'Brien* v. *Wahl* (1953), 335 Mich 601 (107 paces). Any attempt to reconcile these cases is futile. Probably the better rule is that of the *Stehouwer* and *Bryant* decisions: *i.e.,* that speed testimony should be admitted where the jury is made aware of the witness's opportunity to observe so that the admission of such testimony is not made contingent upon specific times or distances and the weight to be given this testimony is for the jury to decide.

While estimates of speed based *solely* on opinions of the force of impact are not admissible, *Jackson* v. *Trogan* (1961), 364 Mich 148, *Hinderer* v. *Ann Arbor Railroad Co., supra,* the witness in the instant case gave her estimate of speed based upon her observation of the Bacon car *and* the resulting force

of the collision.   The weight of her testimony was for the jury.

Affirmed as to the Bacon case.   Costs to appellee.

Reversed as to the Sutherland case.   Costs to appellants.

All concurred.