CRANE v WOODBURY

1. AUTOMOBILES—CONTRIBUTORY NEGLIGENCE—PRIOR CONDUCT.

Denial of plaintiff's motion to prohibit defendant's introduction of evidence that plaintiff had been guilty of exceeding the posted speed and passing where prohibited three miles before an accident occurred was reversible error where the testimony was to be used as evidence of the probability of subsequent misconduct, where plaintiff did not receive a citation for the alleged violations, and where the alleged violations are significantly dissimilar to the allegedly improper left turn that caused the accident.

2. AUTOMOBILES—NEGLIGENCE—EVIDENCE—PRIOR CONDUCT.

The rule that allows introduction of a driver's convictions of traffic violations for impeachment does not make violations which he has alledgedly committed, but of which he has not been convicted, admissible as evidence of the probability of his subsequent misconduct in driving.

3. NEGLIGENCE—EVIDENCE—PRIOR CONDUCT.

Evidence of prior similar acts of negligence may be admitted when it is used to rebut an issue interjected in the trial by the opposing party.

4. NEGLIGENCE—EVIDENCE—PRIOR CONDUCT.

An act of negligence cannot be proven by, or inferred from, previous acts of negligence, except that evidence of previous acts may be used to show knowledge of damage or danger resulting from such conduct.

5. AUTOMOBILES—NEGLIGENCE—EVIDENCE—PRIOR CONDUCT.

Evidence that plaintiff was speeding and passed in a no-passing zone three miles away from the scene of an accident was too remote both in space and in causality to be admissible where the accident in suit occurred after plaintiff had decelerated and while he was making a left turn.

REFERENCE FOR POINTS IN HEADNOTES
[1–6] 8 Am Jur 2d, Automobiles and Highway Traffic § 940 *et seq.*

6. AUTOMOBILES—CONTRIBUTORY NEGLIGENCE—PRIOR CONDUCT.

The prejudicial effect resulting from improper admission of testimony about the plaintiff's prior driving conduct remote in space and casuality from the accident in suit cannot be cured by cautionary instruction where plaintiff was a young man driving a Corvette for pleasure, the drive was for the purpose of testing his new engine, plaintiff's passenger testified for the defense, and plaintiff neither attended his trial nor testified.

Appeal from Ingham, Archie D. McDonald, J. Submitted Division 2 February 10, 1972, at Lansing. (Docket No. 11150.) Decided May 25, 1972.

Complaint by Lawrence F. Crane against Merrill L. Woodbury for damages caused by negligent operation of an automobile. Judgment for defendant. Plaintiff appeals. Reversed and remanded for a new trial.

*Anderson, Carr & Street,* for plaintiff.

*Newman & Mackay,* for defendant.

Before: McGREGOR, P. J., and LEVIN and TARGONSKI,* JJ.

TARGONSKI, J. This is an action for damages arising out of injuries sustained in an automobile accident which was tried in Ingham County Circuit Court. A verdict of no cause of action was brought in by the jury at the conclusion of the trial. Plaintiff appeals from such verdict as a matter of right.

Lawrence Crane took one Thomas Richard for a ride in his Corvette on October 15, 1965. He was travelling east on Grand River toward Williamston on what was described as a perfect fall day. At the

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

time he was driving at a speed of 40 to 50 m.p.h. on a three-lane highway. One Herbert Mittendorf was following in his vehicle a distance of five to six car lengths behind the plaintiff's vehicle. He in turn was followed by a vehicle then and there operated by the defendant. Having reached the crest of a hill and seeing no approaching westbound traffic the defendant pulled into the center lane to pass this other traffic, to-wit: Mittendorf's car and that of the plaintiff. At the same time plaintiff was decelerating for the purpose of making a left turn in order to return to East Lansing. Plaintiff's vehicle was struck broadside by the defendant in the center lane while plaintiff was in the process of executing his left turn. The parties raise a total of nine issues as to various errors during the trial which plaintiff contends require a reversal and a remand for a new trial. We consider only the first issue, the disposition of which eliminates the necessity of consideration of all other issues raised.

The issue which we consider as indicated above is "Did the trial judge's denial of plaintiff's motion *in limine* to prohibit the introduction or admission of evidence of plaintiff's alleged improper driving conduct approximately three miles west of the accident in question, constitute reversible error requiring a new trial?"

Plaintiff attempted to prohibit defendant's introduction of evidence that plaintiff had been guilty of exceeding the posted speed and passing in a "no-passing zone" three miles west of where the accident occurred by a motion *in limine* prior to trial. This motion was made to prevent the admission of evidence which was improper and highly prejudicial. The trial judge's denial of this motion constituted reversible error since the prejudicial effect of this evidence was not counterbalanced by its mate-

riality to the issue of contributory negligence according to the plaintiff's contention. The value of this prior improper conduct is limited to an inference that if the plaintiff broke the law three miles west of the accident by one type of conduct he was more likely to have broken the law by an improper left turn at the point of the accident and thereby caused the accident. This difference in the type of conduct is supplemented by its remoteness from the accident. Plaintiff objected to the admission of such testimony but did not take steps to request a curative instruction.

Defendant relies upon *Taylor v Walter,* 384 Mich 114 (1970), reheard in 1971. The result of such rehearing appears in 385 Mich 599. In that proceeding the trial judge excluded testimony relative to the defendant's driving record on the basis that its probative value outweighed the risk of prejudice. Justice BLACK in the majority opinion rejected the court's "undue prejudice" test and concluded that all traffic violations and misdemeanors are crimes, and can be used for the purposes of impeachment. In this case the testimony was not used for impeachment but rather as evidence of probability of subsequent misconduct. Further, the plaintiff in this case did not receive a citation for excessive speed[1] or passing in a "no-passing zone"[2] which means that the evidence in this case amounted to less than convictions of crimes and the most basic question regarding the probative value of the evidence at issue becomes apparent. In *Olweean v Wayne County Road Comm,* 385 Mich 698 (1971), the Supreme Court discussed this basic question after finding *Taylor v Walter,* 385 Mich 599 (on rehearing, 1971), inappli-

[1] MCLA 257.628; MSA 9.2328.
[2] MCLA 257.642; MSA 9.2342.

cable to deceased drivers. However, the *Olweean* court proceeded to permit the admission of the deceased's driving record upon general evidentiary principles which have significance to the present appeal. The Court relied upon Justice COOLEY's decision in *Detroit & Milwaukee R Co v Van Steinburg,* 17 Mich 99 (1868), holding that the evidence that an engineer had run by the station on previous occasions was· permitted, not as evidence in chief to establish negligence, but as rebuttal evidence since the plaintiffs had put in evidence tending to show that defendant was an average engineer. Applying this principle, the *Olweean* court stated that:

"Once either party has put some fact into evidence the other party has an unquestioned right to fully develop all the facts and circumstances surrounding the subject matter." *Olweean v Wayne County Road Commission, supra,* 702.

Under this authority evidence of prior similar acts can be admitted without error when they are used to rebut an issue interjected into the trial by the opposing party. Defendant cannot rely upon this justification in the present case because plaintiff did not offer evidence that he was generally a careful driver or that he was a careful driver three miles west of the accident. In the absence of this justification the additional authorities relied upon by plaintiff become significant.

In *People v Thompson,* 122 Mich 411, 425 (1899), the Court was confronted with the issue of whether it is "proper for the purpose of proving one act of negligence, to show other acts of negligence upon prior occasions." This issue was answered by stating:

"The authorities are uniform in this State and else-

where, that an act of negligence *cannot be proven by, or inferred from,* previous acts of negligence." (Emphasis added.)

The single exception to this rule recognized by the *Thompson* Court is that such evidence is permissible to show that a person had knowledge of damage or danger resulting from his conduct. This exception in the context of criminal negligence conforms to the generally recognized exception in criminal cases which permits evidence of prior similar acts to establish motive, intent, common plan or scheme, *etc.* MCLA 768.27; MSA 28.1050; *People v Insley,* 36 Mich App 593 (1971). The *Thompson* exception regarding knowledge then applies to civil cases as held by the courts in *Tanis v Eding,* 274 Mich 288, 298 (1936), and *Freed v Simon,* 370 Mich 473, 475 (1963). The record is devoid of any evidence causing the present case to fall within this exception. The trial below depended exclusively upon plaintiff's or defendant's conduct as observed by others to determine who caused the accident.

The concept of using prior acts of negligence has been refined by the law regarding the admission of prior similar conduct which may or may not constitute negligence. In the context of an automobile accident the Court in *Bryant v Brown,* 278 Mich 686, 688 (1937), was confronted with the admission of witnesses' estimates of a driver's excessive speed prior to an accident. Testimony offered by the defendant as to the plaintiff's speed at a *remote* point in time was rejected by the court, but *witnesses were permitted to state his speed just before* and as he came to the last curve and rounded it. "The competency of such testimony is not determined by specific distance or time but by causal connection or contact with the accident." *Bryant v*

*Brown, supra,* 688.[3] This rule of causal connection has been subsequently approved in *Humphries v Complete Auto Transit Inc,* 305 Mich 188, 193 (1943) and *Hicks v Bacon,* 26 Mich App 487 (1970), leave denied, 384 Mich 784 (1970). "In determining the admissibility of evidence concerning the manner in which a participant in an accident was driving a vehicle before he reached the scene of the accident as against the objection that the testimony is remote, *the most important factor is the degree of probability that the conduct continued until the accident occurred.*"[4] (Emphasis added.)

These concepts are also found with respect to the position of pedestrians who were walking beside a road and hit by an automobile in *Janse v Haywood,* 270 Mich 632, 635 (1935). In that case the Court stated:

"Testimony as to where the girls were walking on the highway, *a thousand feet from the place of accident, had no probative value upon where they were at the time of the accident,* and there was no error in its exclusion." (Emphasis added.)

Testimony in the present case regarding the plaintiff's improper driving is analogous to this case law involving estimates of speed or distance prior to an accident. The concept of remoteness or causal connection found in *Bryant v Brown, supra,* controls in the present case.

Plaintiff's improper driving, consisting of excessive speed and passing in a no-passing zone, occurred approximately three miles west of the accident. Conduct occurring at a distance of three

---

[3] See 3 Michigan Law & Practice, *Automobiles,* § 180, p 552.

[4] 46 ALR2d 9, 13, 19. *Accord,* Blashfield, Automobile Law & Practice (3d ed), § 425.1, pp 437–438.

miles from an accident is sufficiently remote to diminish the possibility that it continued and caused the accident. Since remoteness is the vehicle for determining materiality[5] this evidence possesses little materiality to the trial below. Moreover the witness Mittendorf and the defendant's witness Richard testified that plaintiff decelerated before attempting his left turn. Thus, plaintiff's prior conduct did not continue and was not the cause of the accident. Furthermore, a *causal connection* cannot be found since plaintiff's prior conduct is sufficiently dissimilar to the allegedly wrongful conduct causing the accident. Thus, plaintiff's prior conduct has little probative value *vis-a-vis* the standards established by the above case law. The value of the evidence was limited to an inference that since plaintiff violated the traffic ordinance once, he may have violated it a second time in a different manner and caused the accident at issue. Admissibility upon this basis is dependent upon a slender thread indeed. Testimony as to the plaintiff's prior conduct three miles west of the accident had a prejudicial effect which far outweighed the probative value of such testimony. Prejudicial effect flows from the fact that the jury may have found the plaintiff contributorily negligent because of his prior misconduct. Most of the witnesses offering testimony gave evidence relating to the issues of injury and damages and only a few of the witnesses offered testimony relating to the issues of negligence and contributory negligence. A summarization of the testimony of witnesses who testified on the issues of negligence and contributory negligence indicates that in spite of its conflict it favored the plaintiff's explanation of how the accident happened. This fact creates an inference that the evidence of

---

[5] 11 Michigan Law & Practice, *Evidence,* § 45, pp 202–203.

plaintiff's prior conduct may have, in fact, been prejudicial. The comparison between the probative value and prejudicial effect of the evidence at issue combined with this inference of actual prejudice, supports plaintiff's allegation that the evidence should have been excluded. The existence of such prejudice indicates that the trial judge erred in denying plaintiff's attempt to exclude this evidence by a motion *in limine.*

The remaining element involved is the question of preservation of this error for appeal. It is elementary that errors which are curable by cautionary instruction will not be reversed, where the appellant permits the impact of the error to go to the jury without correction. *People v Wheeler,* 33 Mich App 733, 736 (1971). Although plaintiff objected to the admission of the evidence at issue, he failed to request a limiting instruction that his prior conduct did not constitute evidence of negligence causing the accident but was merely evidence of what occurred three miles west of the accident. Thus, the plaintiff has failed to preserve the error for appeal unless the prejudice caused thereby could not be eliminated by a cautionary instruction. *Clark v Grand Trunk W R Co,* 367 Mich 396 (1962); *Hatten v Bane,* 16 Mich App 10 (1969); *Lapasinskas v Quick,* 17 Mich App 733 (1969); *Brummitt v Chaney,* 18 Mich App 59 (1969).

The circumstances surrounding the trial below support the conclusion that the prejudicial effect resulting from reference to the plaintiff's prior driving misconduct could not be cured by a cautionary instruction. These circumstances include the fact (1) plaintiff was a young man driving a Corvette for pleasure, (2) the drive was for the purpose of testing his new engine, (3) plaintiff's passenger testified for the defense, and (4) plaintiff

neither attended his trial nor testified for himself. In this context, the interjection of evidence that plaintiff had been guilty of exceeding the posted speed and passing in a "no-passing zone" was highly prejudicial. This conclusion supported by the above analysis indicating the impropriety of admitting the evidence at issue, provides a sufficient basis upon which this Court should reverse the verdict of no cause of action.

Accordingly, we reverse and remand for new trial.

Reversed and remanded.

All concurred.